ROBERT P. SMITH, Jr., Chief Judge.
The carrier appeals from deputy commissioner Trask’s compensation order entered April 2, 1982, awarding claimant temporary total disability benefits to November 11, 1981, found to be the date of maximum medical improvement, permanent total disability benefits thereafter, and future medical treatment in the form of psychotherapy. Claimant suffers from organic brain damage and permanent psychiatric impairment as a result of an industrial injury arising out of and in the course of his employment.
This Court previously affirmed without opinion the deputy’s earlier order, July 17, 1981, determining compensability, awarding temporary benefits, and finding bad faith in the carrier’s handling of the claim. Accoa Corp. v. Bird, 411 So.2d 385 (Fla. 1st DCA 1981).
The carrier’s sole complaint about the deputy’s April 1982 order is that the finding of maximum medical improvement is without support in the record. This argument has no merit. Claimant’s treating physician testified to that effect explicitly. That claimant’s psychiatric condition has since worsened, and still worsens, which treatment may yet stabilize or moderate, is not inconsistent with a finding that claimant earlier achieved as much medical improvement as can be expected. The deputy as factfinder was surely authorized to accept the treating physician’s testimony, preferring it over the possibly contrary testimony of another medical witness who saw claimant once, thought he had not maximally improved, and was unable from his examination to formulate a prognosis.
During this appeal, on motion, we recognized continuing jurisdiction in the deputy to assess the amount of the fee to be paid by the carrier to claimant’s counsel in consequence of the bad faith finding. We also authorized the parties to bring any issue pertaining to the fee award promptly to the Court’s attention, through supplemental briefs, so that all mature issues could be decided at that time. On May 28, 1982, the deputy using the statutory schedule, section 440.34(1), set that fee at $77,400, based on evidence fixing the amount of past and discounted future benefits achieved by counsel’s representation. Section 440.34(1). The carrier complains that the amount of future medical benefits are too speculative to be taken account of in the fee, and that the deputy used an inappropriate discount rate in presently evaluating future benefits. But the carrier offered nothing to the deputy about discount rates, see Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982), and at any rate neither contention has merit. The fee awarded appears on the evidence to be properly assessed.
In affirming both orders of the deputy we also assess an appropriate attorney’s fee, payable by the carrier to claimant’s counsel. Section 440.34(5) provides:
(5) If any proceedings are had for review of any claim, award, or compensation order before any court, the court may allow or increase the attorney’s fees, in its discretion, which shall be paid as the court may direct.
It thus appears that section 440.34(5) stands independently of section 440.34(3), which governs the deputies and limits their assessment of carrier-paid fees to certain situations, including instances of bad faith claim handling by carriers. Though the deputies accordingly are limited in their assessment of fees “not to be recouped, directly or indirectly, by any carrier in the rate base, premium, or any rate filing,” section 440.-34(3), this Court is not so limited. We are *316 authorized in the exercise of sound discretion to direct that an additional fee for appellate services “be paid as the court may direct.”
We direct that the additional fee to be awarded in this case shall be paid from the carrier’s profits, that is, that it “shall not be recouped, directly or indirectly, by any carrier in the rate base, premium, or any rate filing.” We do this on two grounds: first, to insure that the deterrent effect of a deputy’s fee award, based on bad faith findings which are unchallenged or are otherwise proper, will not be dissipated by the carrier financing an unsuccessful appeal through its insured’s insurance premiums; and second, because the grounds for this appeal are wholly without merit.
The deputy’s orders are AFFIRMED. An additional fee is awarded claimant’s counsel, to be paid by the carrier as directed, in the amount of $5,000.
LARRY G. SMITH and WENTWORTH, JJ., concur.