ON MOTION FOR REHEARING REGARDING ATTORNEY’S FEES ON APPEAL
JOANOS, Judge.
This court affirmed without written opinion the deputy commissioner’s order awarding an attorney’s fee in the workers’ compensation proceedings held before her. We have also previously denied a motion by claimant for an attorney’s fee for appellate representation. Claimant has moved for rehearing of our denial of the motion for an appellate attorney’s fee. We grant the rehearing, quash our previous order denying an appellate attorney’s fee and hereby award a fee.
The law has been rather uncertain regarding the appropriateness of the award of attorney’s fees for appeal in workers’ compensation cases where the sole issue on appeal pertains to an award of attorney’s fees by a deputy commissioner. This uncertainty has been based in part on the language of § 440.34(2), Florida Statutes (1983), pertaining to attorney’s fees in workers’ compensation cases, which provides:
In awarding a reasonable attorney’s fee, the deputy commissioner shall consider only those benefits to the claimant that the attorney is responsible for securing.
This language has prompted a view that if appellate work does not directly benefit a claimant no fee should be awarded in a case where the attorney’s efforts on appeal were totally directed toward the one issue of whether or not the attorney’s fee awarded by the deputy commissioner should be affirmed. However, we disagree. The language of the provision specifically refers to the “deputy commissioner”. We feel it unreasonable to extend it beyond that level to include an appellate setting like the one at hand. Here, appellant brought this appeal and lost. If appellee’s counsel is not paid through an award by this court, either counsel will go unpaid for appellate efforts or the benefits attained below will be eroded. The problem is further compounded *72 because the appellate representation was performed by a different attorney than the one who successfully represented the claimant before the deputy commissioner. We, therefore, can see no reasonable basis to ignore the following language of § 440.-34(3), Florida Statutes (1977), which was in effect at the date of injury:
(3) If any proceedings are had for review of any claim, award, or compensation order before any court, the court may allow or increase the attorney’s fees, in its discretion, which fees shall be in addition to the compensation paid the claimant and shall be paid as the court may direct.
We hold that this provision, although discretionary with the court, permits the award of an attorney’s fee to the prevailing party for appellate representation in workers’ compensation cases even though the sole issue on appeal is the validity of an attorney’s fee award by the deputy commissioner.
We are further guided to this position by this court’s interpretation of § 440.34(5), in Accoa Corp. v. Bird, 418 So.2d 314, 315-316 (Fla. 1st DCA 1982):
It thus appears that section 440.34(5) stands independently of section 440.34(3), which governs the deputies and limits their assessment of carrier-paid fees to certain situations, including instances of bad faith claim handling by carriers. Though the deputies accordingly are limited in their assessment of fees “not to be recouped, directly or indirectly, by any carrier in the rate base, premium, or any rate filing,” section 440.34(3), this Court is not so limited. We are authorized in the exercise of sound discretion to direct that an additional fee for appellate services “be paid as the court may direct.”
In Bird, the deputy, with reference to the statutory schedule, set the attorney’s fee at $77,400, based on evidence of past and discounted future benefits achieved by counsel’s representation. In the instant case, the deputy commissioner examined experts for both parties, reviewed the record, and considered the evidence of benefits achieved by counsel’s representation to be approximately $250,000. The deputy then applied the statutory guidelines in arriving at the $38,250 attorney’s fee. The fee award here, as the court found in Bird, “appears on the evidence to be properly assessed.”
Additional authority for award of attorney’s fees to the prevailing party in a workers’ compensation appeal may be found in Alro Metals v. Pullins, 451 So.2d 1001 (Fla. 1st DCA 1984).
An attorney’s fee in the amount of $2,000 is hereby awarded to claimant’s counsel to be paid by appellants’ for the appellate representation in this case.
SHIVERS and THOMPSON, JJ., concur.