462 So.2d 552 (1985)
Frances M. WILLIAMS, Appellant,
v.
DELTA UPSILON FRATERNITY and Aetna Casualty & Surety Company, Appellees.
No. AX-232.
District Court of Appeal of Florida, First District.
January 11, 1985.
Thomas W. Davis of Law Offices of Barton, Cox & Davis, Gainesville, for appellant.
Barry D. Graves of Ritch & Graves, P.A., Gainesville, for appellees.
SMITH, Judge.
Claimant, who suffered a pre-1979 disabling back injury, appeals an order of the deputy commissioner awarding her attorney a fee of $4,500.00, claiming that the amount awarded is inadequate considering *553 the services rendered, and that the deputy's order inadequately explains the basis for the amount awarded. We agree and reverse.
On February 8, 1978, claimant fell and hurt her back while working as a cook for Delta Upsilon Fraternity. She was hospitalized eighteen days and since then has suffered back and radiating right leg pain. She also claims a loss of bowel and bladder control due to the industrial accident. In the summer of 1978, claimant moved to California where Dr. Mongrain became her treating physician.
The employer/carrier paid temporary total disability benefits from February 8, 1978, until September 10, 1982. At this time, relying on the report of their examining physician, Dr. Barta, the employer/carrier took the position that claimant had reached maximum medical improvement and had suffered no permanent physical impairment due to her industrial accident.
On December 28, 1982, claimant filed a claim for continuing temporary total disability benefits. Alternatively, she contended that if she had reached maximum medical improvement, then she was permanently totally disabled or permanently partially disabled. She asked for continuing treatment by Dr. Mongrain, including but not limited to intestinal bypass surgery as recommended. Finally, she asked for attendant home health care aid and attorney's fees.
A hearing was held on this claim on May 16, 1983. Prior to the hearing, Dr. Mongrain's deposition had been taken in California by claimant's California counsel. At the final hearing, claimant requested and was granted permission to take another deposition of Dr. Mongrain which was taken by her Florida counsel telephonically on July 20, 1983. After Dr. Mongrain's second deposition, the employer/carrier accepted claimant as permanently totally disabled effective July 21, 1983.
In his July deposition, Dr. Mongrain testified that he had seen claimant over 200 times since the accident and that her condition had gotten progressively worse. She has been hospitalized at least five times since she has been in California. He diagnosed claimant's condition as a degenerating disc at L-5/S-1 causing both right and left radiculopathy and spinal cord irritation as well as intermittent muscle spasm. Because of her back condition and pain, claimant lies on the floor 80% of the time. She can stand for fifteen minutes or so after physical therapy, but otherwise can stand for only a few minutes before she must lie down. Dr. Mongrain causally related claimant's loss of bowel control to the spinal cord irritation she suffered as a result of the accident. He noted that she was an extremely obese woman and that her obesity hindered treatment. He felt there was only a 10% chance that a laminectomy would improve claimant's condition given her present weight. However, if claimant had intestinal bypass surgery resulting in weight loss and a laminectomy was performed, he felt there was at least a 50% chance that her condition would improve. Finally, he testified that he had requested the carrier to perform these surgeries four years earlier but the carrier had continually refused to authorize the surgeries. He stated that he had never seen a person with this type of back condition go so long without surgery. He implied that claimant's loss of bowel control could have been avoided if claimant had had surgery earlier. If the recommended surgeries were not performed, Dr. Mongrain felt that claimant had reached maximum medical improvement and was permanently totally disabled.
Based on Dr. Mongrain's deposition, the deputy entered an order on August 17, 1983, finding that claimant had been temporarily totally disabled from the onset of her injury. He ordered the employer/carrier to pay the claimant temporary total disability benefits from September 10, 1982, and continuing as long as claimant remains temporarily totally disabled. He directed the employer/carrier to furnish claimant attendant care three hours a day and such medical care and attention as the nature of her injury and the process of her recovery *554 might require, including bypass surgery and a laminectomy as prescribed by Dr. Mongrain. An attorney's fee was awarded to claimant's attorney and jurisdiction was reserved to determine the amount after submission of affidavits. This order was not appealed.
At the hearing on attorney's fees, claimant's attorney took the position that he was entitled to an attorney's fee based upon permanent total disability benefits because the employer/carrier's acceptance of claimant as permanently totally disabled was not timely and was solely attributable to the actions of her attorney in gathering information and demonstrating the basis for an award of permanent total disability benefits. In response to the employer/carrier's claim that their first notice of claimant's true condition came after the second deposition of Dr. Mongrain was taken, claimant points out that their asserted reliance upon the earlier report from Dr. Barta that claimant suffered no permanent physical impairment as a result of her industrial accident was unjustified. Dr. Barta based his opinion on the assumption that not until 1981 did claimant complain of right leg pain from the 1978 accident. However, claimant's attorney points out that Dr. Barta ignored the report of Dr. Mauldin dated March 21, 1978, and of Dr. Freeman dated May 30, 1978, both of which indicated claimant was complaining of right leg pain and diagnosed nerve root irritation at L-5. Moreover, claimant's attorney notes that Dr. Barta ignored Dr. Mongrain's earlier notations of radiating right leg pain.
On the other hand, the employer/carrier took the position that the deputy's order of August 17, 1983, finding the claimant to be temporarily totally disabled took precedence over the prior voluntary acceptance of permanent total disability by the employer/carrier; therefore, attorney's fees cannot be awarded for permanent total benefits, since these benefits have not yet been ordered. Alternatively, the employer/carrier maintained that if the August 17, 1983 order did not take precedence, the acceptance of permanent total disability by the employer/carrier was timely, since Dr. Mongrain's deposition was the first knowledge they had that claimant had reached maximum medical improvement and was permanently totally disabled. At the hearing, counsel for the employer/carrier admitted that they had accepted claimant as permanently totally disabled within twenty-one days of Dr. Mongrain's deposition in an effort to avoid an attorney's fee based on recovery of these benefits by the claimant's attorney.
The deputy found that his order of August 17, 1983, took precedence over the employer/carrier's prior acceptance of claimant as permanently totally disabled, and that the claimant's present status is that of being temporarily totally disabled and in need of further medical treatment. Accordingly, he found that claimant's attorney was not entitled to a fee based upon permanent total disability benefits. He awarded the claimant's attorney $4,500.00, basing this sum upon the affidavits submitted, his knowledge of the case, the difficulty of proof, and all other relevant matters as set forth in Lee Engineering & Construction Company v. Fellows, 209 So.2d 454 (Fla. 1968).
On appeal, claimant's attorney contends that he is entitled to a fee based upon the employer/carrier's untimely acceptance of claimant as permanently totally disabled, and that even if this court disagrees with this premise, the deputy's order is reversible because the deputy failed to appropriately consider the statutory factors enumerated in Section 440.34(1), Florida Statutes (1977), and failed to state the basis of his findings in his order.
In response to claimant's first contention, we agree with the deputy that since the parties did not appeal the deputy's August 17, 1983 order, that it became final after thirty days, and it is conclusively established that claimant's present status is that of being temporarily totally disabled and in need of further medical treatment. The employer/carrier's act of accepting claimant as permanently totally disabled subsequent to the final hearing in this case *555 and before the deputy entered his order is a nullity and has no legal effect. We recognize the prior cases holding that a judicial award of benefits or a determination of rights is contemplated only when an unresolved dispute comes before the deputy commissioner. Miami Beach First National Bank v. Dunn, 85 So.2d 556 (Fla. 1956); and Florida Tile-Sikes Corp. v. Roberts, IRC Order 2-2750, 9 FCR 196 (1975). Nevertheless, we find that the parties submitted claimant's claim to the deputy for resolution before the employer/carrier accepted claimant as permanently totally disabled. Although the employer/carrier subsequently accepted claimant as permanently totally disabled, there remained an actual dispute between the parties of whether claimant was temporarily totally disabled instead, and thus entitled to further medical treatment. The deputy determined that she was, and his order adjudicating this issue was not appealed and became final.
Notwithstanding the above, we find reversible error. The deputy's order, which merely states that the factors in Lee Engineering were considered, without explaining how those factors were applied, is inadequate. Department of Health & Rehabilitative Service/Division of Blind Services v. Bean, 435 So.2d 967 (Fla. 1st DCA 1983). Claimant's Florida counsel submitted an affidavit stating that he spent in excess of 87.5 hours prosecuting this claim while California counsel has spent an additional 71.6 hours on the case for a combined total of 159.1 hours. The deputy's order compensates these attorneys at the meager hourly rate of approximately $29.00 per hour. While this hourly rate might conceivably be appropriate given certain circumstances, we have not been advised by the deputy why counsels' efforts have been valued so low. Without the benefit of the legal logic indulged in by the deputy in arriving at this fee, we are unable to engage in an orderly review and the deputy's order must be reversed. Commercial Carrier Corp. v. Porter, 452 So.2d 125 (Fla. 1st DCA 1984).
In their arguments supporting the amount of the fee awarded in this case, the employer/carrier have placed major emphasis upon the fact that claimant's counsel simply secured temporary benefits for claimant rather than permanent total disability benefits. While the amount of monetary benefits secured for the claimant is an important consideration in the determination of an appropriate fee, it is not the only consideration. In this case, any attempt to limit the award based upon the fact that only temporary benefits were obtained rather than permanent total disability benefits is wholly unrealistic. This fails to take into consideration the length of time and skill required for claimant's attorneys to establish the severity of claimant's condition and to causally relate her numerous and serious conditions to the industrial accident. In our view, there is very little difference in the compensable time and effort required on the part of claimant's attorneys to recover temporary total disability benefits, further medical care, and attendant care, than would have been necessary to establish that claimant is permanently totally disabled. See Moss v. Keller Industries, Inc., 393 So.2d 574, 578 (Fla. 1st DCA 1981), and cases cited therein. If the proposed medical procedures obtained through claimant's attorney's efforts here are successful, then claimant's condition in life will have been substantially improved. If the operations are not successful, permanent total disability benefits are assured, again because of the attorney's efforts. We fail to see how one result could be viewed as less beneficial than the other in considering the reasonable compensation to be awarded the attorney, nor, for that matter, can we see any justification for withholding payment in full  justly due the attorney  until one of these predictable results occurs.
Here, the employer/carrier resisted the payment of further benefits and medical treatment to claimant, forced the claim for additional temporary and/or permanent benefits to a hearing, and then attempted to avoid liability for attorney's fees by voluntarily accepting claimant as permanently *556 totally disabled. We strongly disapprove actions such as this which tend to give the impression, no doubt unjustifiably in this case, that the workers' compensation system is one in which money-saving by manipulation of the law is the order of the day.
We caution the deputy and parties that in arriving at an appropriate fee in this case upon remand, the fact that the deputy has determined claimant is temporarily totally disabled rather than permanently totally disabled should not be translated into a mathematical reduction in attorney's fees based upon the monetary amount of benefits awarded claimant. Such a result would ignore the intrinsic value of the attorneys' efforts in establishing claimant's condition and entitlement to continuing benefits and medical treatment from the employer/carrier, which the employer/carrier unsuccessfully resisted.
REVERSED and REMANDED.
BOOTH and THOMPSON, JJ., concur.