481 So.2d 88 (1986)
Gilma SAMPER, Appellant,
v.
W.B. JOHNSON PROPERTIES, INC./HOLIDAY INN and Reliance Insurance Co., Appellees.
No. BE-239.
District Court of Appeal of Florida, First District.
January 7, 1986.
*89 C. Kenneth Stuart, Jr., and H. Guy Smith of H. Guy Smith, P.A., Lakeland, for appellant.
Susan W. Fox and Richard R. Crooke of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees.
NIMMONS, Judge.
The claimant in this workers' compensation appeal complains of the deputy commissioner's refusal to denominate an award of an attorney's fee as an "interim" award and to reserve jurisdiction to consider further attorney's fees based upon possible future compensation awards. We agree with the deputy and affirm.
The employer/carrier had refused to recognize the claimant's psychiatric condition as a compensable injury resulting from her March 1981 accident. Pursuant to a stipulation entered into just prior to the December 1983 hearing, the claimant prevailed on the issue of compensability and the deputy awarded temporary total disability benefits beginning February 5, 1983, and continuing, and psychiatric care by a physician. The deputy also ordered the employer/carrier, pursuant to the stipulation, to pay a reasonable attorney's fee under Section 440.34(3)(c), Florida Statutes, which allows recovery of a fee from the carrier or employer:
(c) In a proceeding in which a carrier or employer denies that an injury occurred for which compensation benefits are payable, and the claimant prevails on the issue.
Since such fees were not paid, a hearing was held in December 1984 for the determination of the amount of the fee. At the hearing, an issue arose as to whether the fee awarded should be an "interim" fee with the view that the claimant might subsequently be entitled to more fees depending upon the claimant's future entitlement, if any, to further compensation awards. The deputy ruled, over the claimant's objection, that the fee awarded should be denominated "final." It is from that determination that claimant appeals.
Claimant asserts that since she has not yet reached maximum medical improvement, the fee must be awarded as an interim instead of final fee in order to meet the requirements of Section 440.34(1), Florida Statutes (1983). Under that statute, the fee is determined by the application of certain percentages to the amount of benefits secured and by the consideration of a number of additional factors.
Claimant argues that the deputy cannot know what future benefits will flow from counsel's services, including possible permanent total disability or wage loss benefits, and that the fee awarded must therefore be an interim fee. The claimant also argues that this court's decision in Jerry *90 Chapman, Inc. v. Ivey, 448 So.2d 11 (Fla. 1st DCA 1984) places counsel for claimants in an untenable situation unless entitlement to interim fees is recognized in cases such as this. Claimant points out that, under Jerry Chapman, if a claim for an attorney's fee is not prosecuted within two years (one year now under Fla.W.C.R.P. 4.110(b)), the claim is subject to dismissal for failure to prosecute.
This Court has held that it is improper for a deputy to reserve jurisdiction to award an additional fee merely to take into account the continuing dispersal of benefits to a claimant. That approach overly emphasizes the contingency aspect of a fee award. See Santa Rosa Marble, Inc. v. Ubieta, 436 So.2d 311 (Fla. 1st DCA 1983); City of Leesburg v. Padgett, 397 So.2d 732 (Fla. 1st DCA 1981). In Santa Rosa Marble, the deputy commissioner's order awarded a fee for services rendered up to the date of the hearing and reserved jurisdiction for "purposes of determining a reasonable attorney's fee owing to claimant's attorney for any future wage loss benefits obtained for the claimant." Relying on Matera v. Gautier, 133 So.2d 732 (Fla. 1961), this court reversed that portion of the order reserving jurisdiction to award attorney's fees based on future compensation. In City of Leesburg v. Padgett, the deputy's order awarded a fee for services in securing attendant care and reserved jurisdiction to award additional periodic fees for as long as the claimant continued to need attendant care. That portion of the order reserving jurisdiction was reversed; See also B.P. Construction, Inc., v. Garcia, 440 So.2d 76 (Fla. 1st DCA 1983) (order awarded TTD, wage-loss benefits and attorney's fee on theory of bad faith; deputy also awarded attorney fees of 15 percent of any future wage-loss benefit; award of attorney fees for future benefits reversed).
Claimant's counsel seeks to distinguish the instant case from the above cases on the basis that in the instant case the claimant has not yet reached MMI. She may be entitled to a different type of benefit, e.g., PTD or wage-loss, which would necessitate further services on the part of counsel. This argument is unavailing.
As pointed out in Moss v. Keller Industries, Inc., 393 So.2d 574 (Fla. 1st DCA 1981), the former rule was that:
[O]nce the employer/carrier improperly denies or terminates payment of benefits (even temporary benefits) it thereafter becomes liable for attorney's fees on the award of permanent benefits to the claimant, even though such permanent benefits are voluntarily accepted and timely paid by the employer/carrier...
Id. at 576. However, the Moss opinion pointed out that this rule was changed by the court in International Paper Co. v. McKinney, 384 So.2d 645 (Fla. 1980). In the latter case, the court said:
Stated simply, the factual situation is as follows: An employer initially controverts a claim. The claim is allowed as to temporary disability and the claimant's attorney is awarded a fee. The employer pays the temporary disability as ordered. When the claimant reaches maximum medical improvement, the employer voluntarily pays permanent disability within the twenty-one-day time limit. The claimant's attorney seeks an additional fee based on the permanent benefits obtained. The judge of industrial claims ruled that the attorney was entitled to a fee. We disagree.
Id. at 647.
* * * * * *
An employer's contest of a claim at the beginning of a case does not lock the employer into paying attorneys' fees on all subsequent benefits paid if the employer voluntarily and timely pays the additional benefits.
Id. at 648.
At first blush, one would assume that the rule articulated in International Paper would suggest the corollary that the employer/carrier would necessarily be responsible for attorney's fees incurred in connection with subsequent benefits where the employer/carrier contests an award of subsequent *91 benefits. However, it is critical that the reason for the employer/carrier's fee liability for subsequent benefits was because of the then provisions of the fee statute applicable in the International Paper case, which was Section 440.34(1), Florida Statutes (1977). Under that version of the statute, a claimant was entitled to recover a reasonable attorney's fee in connection with any compensation claim which was successfully prosecuted where the employer or carrier had filed notice of controversy, had declined to pay a claim on or before the 21st day after having notice of the same, or had otherwise resisted the payment of compensation. Therefore, International Paper's implicit recognition of the claimant's right to fees where the employer/carrier contests the subsequent benefits was simply the court's acknowledgment of the operation and effect of the fee statute as then worded.
The fee statute is now more restrictive in that it makes the claimant responsible for his own attorney's fees except in the three circumstances specified in Section 440.34(3), Florida Statutes (1983). The fact that the employer and carrier in the instant case initially unsuccessfully contested the compensability of the claimant's injury and are therefore liable for attorney's fees under the provisions of Section 440.34(3)(c) does not mean that the claimant will be entitled to fees on subsequent benefits. See International Paper, supra, at p. 648. Entitlement to fees for services in the prosecution of any such subsequent claim will depend upon whether the claimant is able to establish anew any of the requisite grounds under Section 440.34(3) in connection with such claim.
Our conclusion is not in conflict with  indeed, we believe it to be entirely consistent with  this Court's recent decision in The Polote Corporation v. Meredith, 10 F.L.W. 2340 (Fla. 1st DCA Jan. 23, 1986). There, the Court approved an award of attorney's fees notwithstanding the fact that such fees included not only those attributable to the securing of TTD benefits but also those attributable to the PTD benefits subsequently awarded. The court reasoned that such PTD benefits were "reasonably predictable benefits flowing from the finding of compensability." In the instant case, however, there is nothing in the record to suggest that the claimant will, after reaching MMI, suffer any permanent impairment and it would, therefore, be highly speculative to so conclude.
Lest our opinion be read as inferring that there should always be a substantial disparity in the award of attorney's fees for TTD on the one hand and PTD on the other, we would refer the reader to this court's opinion in Williams v. Delta Upsilon Fraternity, 462 So.2d 552 (Fla. 1st DCA 1985).[1]
*92 We hold that the deputy commissioner properly refused to denominate the attorney's fee as an "interim" fee and to reserve jurisdiction to consider further attorney's fees based upon possible future compensation awards.
AFFIRMED.
ERVIN and SMITH, JJ., concur.
NOTES
[1] In Williams, the Court observed:

In their arguments supporting the amount of the fee awarded in this case, the employer/carrier have placed major emphasis upon the fact that claimant's counsel simply secured temporary benefits for claimant rather than permanent total disability benefits. While the amount of monetary benefits secured for the claimant is an important consideration in the determination of an appropriate fee, it is not the only consideration. In this case, any attempt to limit the award based upon the fact that only temporary benefits were obtained rather than permanent total disability benefits is wholly unrealistic. This fails to take into consideration the length of time and skill required for claimant's attorneys to establish the severity of claimant's condition and to causally relate her numerous and serious conditions to the industrial accident. In our view, there is very little difference in the compensable time and effort required on the part of claimant's attorneys to recover temporary total disability benefits, further medical care, and attendant care, than would have been necessary to establish that claimant is permanently totally disabled.
Id. at 555.
* * * * * *
We caution the deputy and parties that in arriving at an appropriate fee in this case upon remand, the fact that the deputy has determined claimant is temporarily totally disabled rather than permanently totally disabled should not be translated into a mathematical reduction in attorney's fees based upon the monetary amount of benefits awarded claimant. Such a result would ignore the intrinsic value of the attorneys' efforts in establishing claimant's condition and entitlement to continuing benefits and medical treatment from the employer/carrier, which the employer/carrier unsuccessfully resisted.
Id. at 556.