482 So.2d 515 (1986)
The POLOTE CORPORATION and Argonaut Insurance Company, Appellants,
v.
Bradley MEREDITH, Appellee.
No. BF-3.
District Court of Appeal of Florida, First District.
January 23, 1986.
*516 Rex A. Hurley, of Zimmerman, Shuffield, Kiser & Sutcliffe, Orlando, for appellants.
Lawrence H. Hornsby, of the Law Office of Lawrence H. Hornsby, P.A., Orlando, for appellee.
Michael J. Rudicell, Tallahassee, for Div. of Workers' Compensation, Dept. of Labor and Employment Security, party respondent.

ON MOTION FOR REHEARING
SHIVERS, Judge.
We grant the motion for rehearing, vacate the prior opinion in this cause, and substitute the following:
This appeal is from a workers' compensation award of attorney's fees. Appellants, employer/carrier, raise the following issues:
I. Whether the claimant's attorney is entitled to a fee, based on the January 18, 1984 order [awarding permanent total disability benefits] when there is no statutory basis for the fee and bad faith was not specifically litigated or found.
II. Whether supplemental benefits should have been included in "benefits obtained" when calculating the amount of attorney's fee.
III. Whether the attorney's fee award is excessive.
We affirm.
On August 20, 1982, claimant filed a claim for temporary total disability benefits. The employer/carrier contested compensability but the deputy found that the claimant sustained an injury or condition arising out of and in the course of his employment with the appellee employer. In the January 4, 1983, order of compensability, the deputy commissioner ordered payment of temporary total benefits, medical expenses as well as penalties and interest. The deputy found that the employer/carrier were obligated to pay a reasonable attorney's fee "on benefits pursuant to this Order" but reserved jurisdiction for determination of the amount of the fee. On January 18, 1984, after a contested hearing on the October 4, 1983 claim for permanent total disability (PTD) benefits, the deputy awarded the claimant PTD benefits, found that the claimant's attorney was entitled to a reasonable attorney's fee "for his services to date in this cause" and reserved jurisdiction for determination of the amount of the fee. Upon appeal, our court per curiam affirmed the deputy's January 18, 1984 order. On January 29, 1985, the deputy ordered that the employer/carrier pay claimant's attorney an attorney's fee based in part on benefits of $325,910 secured and 102 hours of time expended in this claim.
Although the deputy did not itemize the various benefits included in the $325,910 total, it appears that supplemental benefits were included in the total amount of permanent total disability benefits considered in arriving at the fee.
As to Issue I, the employer/carrier maintain that they should be required to pay claimant's attorney's fee based only on the attorney's services in adjudicating compensability, and that they should not be required to pay a fee to claimant's attorney for his services in securing permanent total disability benefits for claimant. They argue that there is no statutory basis for such attorney's fee and that bad faith was neither litigated nor found.
We conclude there is statutory basis for the services of claimant's attorney not only for adjudicating compensability but also for his services in securing the permanent total disability benefits. Section 440.34(3)(c), *517 Florida Statutes (1981) provided that a claimant shall be entitled to recover a reasonable attorney's fee from a carrier or employer
[i]n a proceeding where a carrier or employer denies that an injury occurred for which compensation benefits are payable, and the claimant prevails on the issue of compensability.
In this case the claimant filed a claim for temporary total disability benefits. The employer/carrier denied compensability and, after a contested hearing, the deputy commissioner found the claimant's injury compensable and ordered temporary disability benefits paid. Claimant's attorney was then required to litigate, in a contested hearing, the permanency of the claimant's disability. In B.P. Construction, Inc. v. Garcia, 440 So.2d 76 (Fla. 1st DCA 1983), we held that the fee "should be determined on the basis of total benefits secured as a result of the intervention of claimant's attorney... ." Under the circumstances in the case sub judice, we conclude that claimant is entitled to recover a resonable attorney's fee from the employer/carrier for his attorney's services in securing claimant's reasonably predictable benefits flowing from the finding of compensability. We find that the permanent total disability benefits were reasonably predictable and became ascertained upon entry of the January 18, 1984 order.
As to Issue II, the employer/carrier maintain that, in calculating claimant's attorney's fee, supplemental benefits provided in section 440.15(1)(e)1. should not be included in the computation of benefits obtained by claimant's counsel. They argue that the claimant employee was already entitled to the maximum weekly benefit under the Act at the time of the injury. We disagree. Section 440.15(1)(e)1 states:
[T]he injured employee shall receive from the division additional weekly compensation benefits equal to 5 percent of the injured employee's compensation rate, as established pursuant to the law in effect on the date of his injury, multiplied by the number of calendar years since the date of injury and subject to the maximum weekly compensation rate set forth in s. 440.12(2). (emphasis supplied)
This language is ambiguous as to whether the supplemental benefit is limited by the weekly compensation rate at the time of injury or the time of payment. The latent ambiguity of this language was corrected by Chapter 84-267, Laws of Florida, which amended the section to read that the weekly compensation and the additional benefits "shall not exceed the maximum weekly compensation rate in effect at the time of payment as determined pursuant to s. 440.12(2)." This is consistent with the longstanding policy of the Division of Workers' Compensation, and great weight is given to agency determinations with regard to a statute's interpretation. San Souci v. Division of Florida Land Sales and Condominiums, Department of Business Regulation, 421 So.2d 623 (Fla. 1st DCA 1982).
As to the excessiveness of the fee, there is competent substantial evidence to support the award by the Deputy Commissioner.
AFFIRMED.
WIGGINTON, J., concurs.
WENTWORTH, J., concurs specially, with an opinion.
WENTWORTH, Judge, concurring.
I agree with the majority opinion's disposition of the appeal but, with respect to Point I, would note that the award of fees for determining compensability in this case properly includes services in proving permanent total disability because the latter services were necessary to prove the full value of both accrued and discounted future benefits achieved by services rendered in the compensability hearing. Davis v. Keeto, Inc., 463 So.2d 368 (Fla. 1st DCA 1985); ACCOA Corp. v. Bird, 418 So.2d 314 (Fla. 1st DCA 1982); Gala Ocean Mile Hotel v. Burton, IRC Order 2-2955 (April 28, 1976). Since PTD was determined before the time of the hearing to set the fees awarded by the original compensability order, the issue of carrier's good or bad faith *518 in contesting PTD separately from compensability was simply irrelevant. Those benefits were not merely forseeable but in fact already adjudicated at the time when the deputy entered the order now on appeal. Computation of the value of benefits achieved by particular services will of course depend upon the scope of the issues initially litigated (cf., B.P. Construction Inc. v. Garcia, 440 So.2d 76 (Fla. 1st DCA 1983)), and future benefits may in many instances be entirely speculative. That conclusion plainly cannot be drawn in this case.