484 So.2d 1290 (1986)
Dorothy JACKSON, Appellant,
v.
DADE COUNTY SCHOOL BOARD and Gallagher Bassett, Appellees.
No. BH-361.
District Court of Appeal of Florida, First District.
March 3, 1986.
Ira J. Druckman, Miami, for appellant.
Jeffrey S. Breslow, of Adams, Kelley & Kronenberg, Miami, for appellees.
McCORD, GUYTE P., Jr. (Ret.), Associate Judge.
Jackson appeals from a workers' compensation order which was entered following a hearing on the issue of bad faith to determine the amount of attorney's fees to be paid by the employer to her counsel. She raises three points on appeal: (1) the deputy erred by finding that no bad faith had been demonstrated on the part of the employer for the period between 22 February 1982 and 22 June 1982; (2) the deputy erred by finding that the employer voluntarily provided benefits subsequent to 30 December 1982 and that no attorney's fee attached for bad faith from that period forward; (3) the deputy erred by finding that the legal services provided to Jackson over two and one-half years had a value of $1,500. We affirm on the first issue but reverse as to the second issue and remand for a redetermination of the amount of attorney's fees owing.
The facts in the instant case which gave rise to the litigation over the question of attorney's fees are not in issue. Jackson injured her lower back and neck while lifting a desk on 10 November 1981. She came under the care of Dr. Ronald Hinds, an orthopedist, and consulted with Dr. Basil Yates, a neurosurgeon. On 23 February 1982 she was released to return to work by Dr. Hinds and all benefits were terminated.
However, following this date Jackson continued to suffer from pain and remained *1291 without employment. Therefore, in February of 1982 she retained counsel to pursue a claim for benefits. After several attempts by her lawyer to acquire further medical care, the employer finally agreed to have Jackson examined by Dr. Wancier, a neurosurgeon, in June 1982. The doctor performed a C.T. scan and myelogram on the claimant and from these tests diagnosed that she suffered from a herniated disc. Thereafter, based on Dr. Wancier's opinion rendered during a deposition on 28 December 1982 that Jackson was temporarily totally disabled from the time he first saw her, the employer reinstated benefits.
In June 1985 a hearing was held for a determination of whether the employer acted in bad faith in the handling of Jackson's claim and therefore was responsible for payment of an attorney's fee to her counsel. Following this hearing, a compensation order was entered awarding an attorney's fee in the amount of $1,500 predicated on the benefits acquired from 23 June 1982 through 30 December 1982. The deputy found that the employer had voluntarily paid all benefits due and owing after 30 December 1982, and consequently no fee was due on these benefits. The deputy also found that no bad faith had been exhibited by the employer in its rejection of benefits for the period of 22 February 1982 through 22 June 1982.
Turning to the first issue on appeal, the employer's reliance on Jackson's original treating physicians, who reported that she had no impairment and could return to work, was reasonable. Thus, its delay in authorizing additional medical treatment for the claimant is not a proper basis for an award of attorney's fees under the "bad faith" sanctions of the workers' compensation statutes. Celtics Mobile Home Manufacturing v. Butler, 460 So.2d 486 (Fla. 1st DCA 1984).
The deputy's finding that no attorney's fee attached for the benefits provided to Jackson subsequent to 30 December 1982 is contrary to this court's opinion in B.P. Construction, Inc. v. Garcia, 440 So.2d 76 (Fla.1st DCA 1983), wherein it was held that attorney's fees should be determined on the basis of the total benefits secured as a result of the lawyer's intervention. Accord, Williams v. Delta Upsilon Fraternity, 462 So.2d 552 (Fla. 1st DCA 1985). If it were not for the intervention of Jackson's counsel in this case, she would have remained without necessary medical care and would not have received the disability benefits provided by the employer subsequent to December of 1982. Accordingly, the award of attorney's fees should have been based upon "the total benefits secured." It is irrelevant that the employer paid Jackson's benefits "voluntarily" following the rendition of Dr. Wancier's opinion on her condition; but for counsel's insistence and efforts in securing Dr. Wancier's opinion, those benefits would never have been forthcoming.
The attorney in the case at bar obtained $15,704 in benefits for Jackson, exclusive of the medical benefits she received which included back surgery. The fee awarded is inadequate for the two and one-half years of work that was involved.
We affirm in part, reverse in part and remand for a redetermination of the amount of attorney's fee owing in accordance with this opinion.
ERVIN and WIGGINTON, JJ., concur.