ERVIN, Judge.
The employer/carrier (e/e) appeals, an order of the deputy commissioner (dc) awarding attorney’s fees. Finding that the award was contingent in nature and that the contingency upon which the award was *534 based did not occur, we vacate the order and remand the cause to the dc for further proceedings.
The e/c was held responsible for attorney’s fees in the instant case pursuant to Section 440.34(3)(c), Florida Statutes, after the claimant had prevailed on the issue of compensability for benefits due, as a result of his establishing that he had contracted the occupational disease of asbestosis. The dc awarded claimant’s attorney a fee of $32,500, and reserved jurisdiction to award additional attorney’s fees, if, first, the appellate court in another case then pending on appeal should find that claimant is entitled to a higher average weekly wage (AWW), which would then have the effect of increasing the benefits secured to the claimant through the intervention of his attorney, and, second, if and when the claimant’s future medical expenses are “reduced to a certainty.” The e/c appealed both the reservations of jurisdiction and the amount of the attorney’s fee awarded.
The dc erred in reserving jurisdiction to enter an additional award of attorney’s fees contingent upon the outcome of the appeal on the issue of AWW.[1] We initially observe that attorney’s fees are to be based on an “attorney’s services in securing claimant’s reasonably predictable benefits flowing from the finding of com-pensability.” Polote Corp. v. Meredith, 482 So.2d 515, 517 (Fla. 1st DCA 1986) (e.s.); cf. Samper v. W.B. Johnson Properties, Inc., 481 So.2d 88 (Fla. 1st DCA 1986) (dc was correct in refusing to denominate an attorney’s fee award as “interim”). We find that while the appeal of AWW was pending, the total benefits which might be secured to claimant could not as a matter of law be considered “reasonably predictable.” The deputy in the case on review clearly contemplated that the $32,000-fee award was contingent upon this court’s affirmance of a separate, earlier order which had fixed the amount of the AWW as of the date of claimant’s last injurious occupational exposure to asbestos. Once this court in Cote v. Combustion Engineering, Inc., 502 So.2d 500 (Fla. 1st DCA 1987), reversed the prior order of the dc, by holding that the AWW should have been determined as of the date the worker's disability commenced, rather than at the time of his last exposure to the injurious substance, the amount of the AWW was substantially increased, thereby increasing also the amount of benefits secured to claimant through his attorney’s efforts. As a result of the reversal, an essential underpinning of the entire attorney fee award in the case below was extinguished, requiring that the order on review be vacated.
In so saying, we observe that at the time the deputy entered his order setting the attorney fee award, which was based in part on an AWW amount later reversed, the earlier order fixing the AWW was merely voidable. The rule is that an order or judgment that is only voidable will constitute a bar to later litigation for res judi-cata purposes, unless the order or judgment is reversed, in which event no bar may be claimed under it. See General Portland Land Development Co. v. Stevens, 356 So.2d 840, 842 (Fla. 4th DCA 1978); 32 Fla.Jur.2d Judgments and Decrees § 146 (1981); Annotation, 9 ALR2d 984 (1950). Indeed, despite the fact that a former judgment may have been presumptively correct when it later is relied upon, once it is reversed, “the better practice ... [is] to reverse the judgment in the second case, even though it was correct when rendered.” 9 ALR 2d at 1014-1015.
The dc in the same order also reserved jurisdiction to award additional attorney’s fees for future medical benefits. Although claimant offered expert testimony as to the likelihood of his needing future medical treatment, no estimate was offered regarding what the reasonably predictable costs of future medical treatment would be during claimant’s anticipated lifetime. Instead, the dc reserved jurisdiction to determine the extent of the claimant’s future *535 illness. By his reservation of jurisdiction, the deputy apparently considered that the claimant’s attorney could periodically come back for additional attorney’s fees during claimant’s lifetime, after proof had been adduced establishing the value of medical services. Such a procedure is clearly viola-tive of the rule proscribing interim awards of attorney’s fees. It “overly emphasizes the contingency aspect of a fee award.” Samper, 481 So.2d at 90. The dc has no authority to reserve jurisdiction in order to award attorney’s fees for possible, additional medical benefits secured at some time in the future to claimant through his attorney’s efforts. Nevertheless, he may on remand give claimant the opportunity to attempt to prove the reasonably predictable value of future medical expenses, and, if a reasonable value can be ascertained, the amount may be included in the total benefits secured to the claimant through the attorney’s services as a factor to be considered in assessing a reasonable attorney fee against the e/c.
Because of our vacation of the order on review, we do not reach the issue challenging the excessiveness of the amount of the fee awarded.
The order is vacated and the case remanded for further proceedings.
SHIVERS and ZEHMER, JJ., concur.

. The dc’s order states that both parties stipulated to his reservation of jurisdiction to award an additional attorney’s fee if the appellate court should find the claimant was entitled to a higher AWW. Since a stipulation cannot vest a dc with jurisdiction that he does not possess, we find that the stipulation in the instant case was without effect.