SHIVERS, Judge.
The claimant in this workers’ compensation case, Barbara Hodges, suffered a back injury while working for the appellant/employer and filed a claim for benefits in May of 1984. The employer/carrier (E/C) initially filed a notice to controvert but, eleven days prior to the scheduled hearing, withdrew the notice, agreed to pay temporary total disability (TTD) benefits and medical treatment, and agreed that claimant was entitled to a reasonable attorney’s fee based on the E/C’s controversion of benefits. Approximately 2lk years later, a hearing was held to determine the amount of attorney’s fees, as well as to determine claimant’s average weekly wage and her entitlement to payment of past and future medical bills. Finding that the claimant had not yet reached MMI and was still being paid TTD benefits, the deputy commissioner held that it would be premature to determine the amount of attorney’s fees, and reserved jurisdiction to make a determination at a later date.
We agree with the E/C that the deputy commissioner (DC) erred in reserving jurisdiction, and we remand for a determination of the proper amount of attorney’s fees based on those benefits already received by the claimant and those which are “reasonably predictable.” See Prestressed Systems v. Goff, 486 So.2d 1378 (Fla. 1st DCA 1986); Polote Corp. v. Meredith, 482 So.2d 515 (Fla. 1st DCA 1986). The fact that the claimant has not yet reached maximum medical improvement and, therefore, might be entitled to a different type of benefit in the future necessitating further services from her attorney, does not give the DC the authority to reserve jurisdiction to determine attorney’s fees at a later time or, as in Samper v. W.B. Johnson Properties, Inc., 481 So.2d 88 (Fla. 1st DCA 1986), to award an “interim” fee. Should the claimant seek permanent benefits after reaching maximum medical improvement, her entitlement to further attorney’s fees will depend upon whether she is able to “establish anew any of the requisite grounds under section 440.34(3) in connection with such claim.” Samper, 481 So.2d at 91.
Accordingly, we reverse and remand for the DC to determine the amount of attorney’s fees to be paid by the E/C, and to hear further evidence on the matter if necessary.
REVERSED and REMANDED.
JOANOS and THOMPSON, JJ., concur.