525 So.2d 1003 (1988)
Putnal GROVES and Liberty Mutual Insurance Company, Appellants,
v.
Byron James BUTLER, Appellee.
No. 87-1106.
District Court of Appeal of Florida, First District.
May 27, 1988.
Claire L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, Sarasota, for appellants.
Thomas M. Ervin, Jr., of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, and Ronald J. Langa, of Maher, Overchuck & Langa, Orlando, for appellee.
PER CURIAM.
The employer and carrier in this workers' compensation action appeal an order of the deputy commissioner granting claimant's counsel an award of attorney's fees. On appeal they contend the deputy commissioner erred in basing the award on benefits obtained after claimant was accepted as permanently and totally disabled.
Following a hearing at which evidence was presented regarding the benefits obtained and the services rendered by claimant's attorney, the deputy commissioner, citing Polote Corp. v. Meredith, 482 So.2d 515 (Fla. 1st DCA 1986), awarded an attorney's fee of 10% of the benefits secured for the claimant, or $57,393. The deputy commissioner based the fee in part on the $54,582 paid in past compensation and medical benefits, $169,353 in future permanent and total disability benefits, and $350,000 in anticipated medical benefits, for a total of $573,935. The deputy commissioner *1004 distinguished International Paper Co. v. McKinney, 384 So.2d 645 (Fla. 1980), on the bases that the statute involved was substantially different and only certain specific benefits had been controverted.
We hold that the deputy commissioner correctly grounded the award of attorney's fees on the value of both the temporary and permanent benefits obtained. An award of attorney's fees is appropriate based on a finding of compensability and all other benefits which flow from that finding; that is, the fee should be predicated upon the total benefits secured as a result of the intervention of the attorney. Polote Corp. v. Meredith, 482 So.2d 515. See Prestressed Systems v. Goff, 486 So.2d 1378 (Fla. 1st DCA 1986), in which this court held that a claimant's attorney will not be limited to an award of fees based on benefits actually awarded at the time a determination is made that an employer/carrier is liable for payment of fees, but may be awarded upon the consideration of all benefits that are reasonably predictable if at the time of the entry of the order establishing claimant's right to have attorney's fees assessed against the employer, such benefits could be considered reasonably predictable. See also Barr v. Pantry Pride, 518 So.2d 1309 (Fla. 1st DCA 1987). This court has also held that
before the "reasonably predictable" [benefits] issue can be determined, it must be shown that the benefits on which the fee is desired to be based resulted from the attorney's efforts on behalf of his client and from the scope of the issues already litigated.

Samurai of the Falls, Inc. v. Sul, 509 So.2d 359, 363 (Fla. 1st DCA), rev. denied, 518 So.2d 1274 (Fla. 1987) (emphasis supplied).
In this case, the benefits giving rise to the award were obtained as a result of the intervention of claimant's attorney and from the scope of issues already litigated. The record indicates that when the initial claim was filed on April 29, 1985, it was controverted by the employer/carrier. It was necessary for claimant to secure the services of counsel, file a claim for benefits and an application for a hearing on the matter. As the employer/carrier concedes, it was proper to fashion the award from certain of the past benefits claimant received.
It was also established that during the initial phase of these proceedings, claimant's attorney requested and secured the services of Dr. Myint, a specialist in occupational medicine and industrial toxicology. It was Dr. Myint's diagnosis and findings that ultimately led to the claimant's being accepted as having a compensable injury and as being permanently disabled. Although after a period of medical treatment the carrier voluntarily accepted claimant as PTD, it is unlikely this voluntary acceptance would have occurred without the intervention of claimant's attorney. "But for" counsel's insistence and efforts in securing Dr. Myint's opinion, these benefits, both past benefits and future PTD and medical benefits, would not likely have been forthcoming. Jackson v. Dade County School Board, 484 So.2d 1290, 1291 (Fla. 1st DCA 1986).
AFFIRMED.
WENTWORTH and BARFIELD, JJ., and FRANK, RICHARD H., Associate Judge, concur.