SHIVERS, Judge.
Employer/carrier Orlando Precast Products and Alexis Insurance Company (E/C # 1) appeal both an order finding them liable for a portion of claimant’s attorney’s fees, and a separate order directing them to contribute a portion of the compensation benefits paid or payable to claimant by McKenzie Tank Lines and its carrier (E/C #2). We affirm in part and reverse in part.
This is the second time that this workers’ compensation case has appeared here on issues of each E/C’s responsibility for payment of benefits. In the first appeal, both Orlando Precast and McKenzie Tank Lines appealed a 1986 order in which the deputy commissioner (DC) determined, inter alia: (1) that claimant’s first accident in May 1983 constituted an aggravation of a preexisting, previously asymptomatic arthritic condition and caused permanent impairment; (2) that claimant had not reached MMI in May 1983 as stated by one of his treating physicians; (3) that claimant’s second accident in May 1985 further aggravated his preexisting arthritic condition; (4) that the discomfort which resulted from claimant’s 1983 accident was not disabling, whereas the pain occasioned by the 1985 accident was disabling; and (5) that the medical treatment received after the 1985 accident was due in part to the 1983 accident. As a result of these findings, E/C #2 were ordered to pay temporary total and temporary partial disability benefits from the date of the second accident through the date of the hearing, with an offset for unemployment compensation benefits received by the claimant; E/C # 1 and E/C # 2 were each ordered to pay 50% of the medical expenses incurred by claimant from the date of the second accident and continuing and 50% of all mileage and costs, with jurisdiction reserved to determine the amount of taxable costs; and E/C #2 were ordered to pay attorney’s fees pursuant to section 440.34(3)(c), Florida Statutes, with jurisdiction reserved to determine E/C # l’s responsibility for attorney’s fees.
This court held on appeal that the deputy commissioner had erred in finding claimant to have sustained a permanent impairment as a result of the 1983 accident since the evidence indicated he had not yet reached MMI, but found the error to be harmless since the DC had not awarded any permanent disability benefits or determined the percentage of the permanent impairment; *1045 affirmed the DC’s finding that claimant had sustained a compensable accident with employer # 2; and affirmed the DC’s finding that claimant had given employer # 2 sufficient statutory notice. Orlando Precast Products v. Ciofalo, 501 So.2d 1326 (Fla. 1st DCA 1986).
On September 10, 1987, after a hearing on both claimant Ciofalo’s claim for benefits and E/C # 2’s contribution claim against E/C #1, the DC entered a second order finding: (1) that claimant had reached MMI on April 14, 1986 with a 25% permanent impairment; and (2) that both the 1983 and 1985 accidents had aggravated a preexisting condition and caused some permanent impairment, but that the “greater percentage of the present disability and need for medical care” was due to the 1985 accident. As a result of these findings, E/C #1 was ordered to reimburse E/C # 2 “20% of any remedial care, treatment and attendance, rehabilitation, or any other expense expended by E/C #2, except that E/C # 1 ... shall reimburse E/C # 2, 20% of the compensation rate for which E/C # 1 is responsible.” E/C # 2 was given a Social Security offset “based on the AWW or average current earnings of E/C #2,” and it was found that the “amount reimbursable to E/C # 2 by E/C # 1 for workers’ compensation disability benefits paid by E/C #2 after applying Social Security offset, shall be proportionately reduced.” E/C # 1 was also ordered to reimburse E/C # 2 for 20% of the medical bills of Dr. Kolin, claimant’s treating psychiatrist, and 20% of the cost of attendant care for claimant’s minor son while claimant was hospitalized. The DC reserved jurisdiction to “adjust contribution among carriers, should proportionate responsibility for benefits to claimant change from the 80/20 ratio, as found herein.”
After a separate hearing on the issue of attorney’s fees, the DC entered a second September 10, 1987 order finding E/C # 1 liable for attorney’s fees under both sections 440.34(3)(b) and (3)(c), Florida Statutes. Based on that finding, and on the DC’s earlier finding that E/C # 2 was responsible for payment of attorney’s fees, the DC ordered E/C # 1 to pay 20%, or $4,000 of the $20,000 attorney’s fees and ordered E/C # 2 to pay the remaining 80%, or $16,000. E/C # 1 was also found liable for a portion of the taxable costs relating to the 1986 and 1987 hearings.
E/C # 1 now raises several issues on appeal from the two September 10,1987 orders, three of which we find to warrant reversal. First, we agree with appellants that the DC erred in ordering E/C # 1 to contribute 20% of the compensation benefits for which E/C # 2 is responsible. The DC’s 1986 order specifically found that the claimant had physical impairments attributable to both accidents, but found that the claimant had not sustained any disability from the first accident. We do not agree with appellants’ contention that the DC was estopped by the finding in his 1986 order from redetermining the issue of E/C # l’s responsibility for claimant’s disability. The finding in the 1986 order was based on evidence presented at the 1986 hearing, and constituted a determination only that the 1983 accident had caused no disability as of that time. The finding did not rule out the possibility of a later determination that the 1983 accident had contributed to the claimant’s disability. In the instant case, however, we find a lack of competent substantial evidence in the record to support the DC’s apparent conclusion that at least a portion of the claimant’s post-April 14,1986 disability was caused by the 1983 accident. Therefore, to the extent that the 1987 order directs E/C # 1 to contribute to E/C # 2 for any benefits based on claimant’s disability, we reverse. In light of this finding, E/C # l’s argument regarding the DC’s calculation of Social Security setoff need not be addressed.
Second, we reverse the DC’s reservation of jurisdiction to adjust contribution between the carriers at a future date, since the issue of contribution was obviously argued and adjudicated at the 1987 hearing. Washington Square Associates, Ltd. v. Bourne, 408 So.2d 809 (Fla. 1st DCA 1982). We note that appellee conceded that the DC erred on this point.
*1046 Third, we reverse the DC’s award of attorney’s fees on both statutory bases. The evidence in the record does not support the DC’s finding that E/C # 1 acted in bad faith by denying benefits without making an effort to determine its obligation to pay benefits to the claimant. Instead, the evidence indicates that the E/C reasonably relied on the opinion of Dr. Maleki that the claimant had reached MMI with no permanent impairment. Jackson v. Dade County School Board, 484 So.2d 1290 (Fla. 1st DCA 1986). See also Celtics Mobile Home Manufacturing v. Butler, 460 So.2d 486 (Fla. 1st DCA 1984) (an E/C’s reliance on the opinion of one doctor over another doctor’s contradicting opinion may be reasonable). Under the facts of this case, the E/C’s reliance on Maleki’s opinion was reasonable. The award of attorney’s fees based on 440.34(3)(c) is also erroneous since the evidence indicates that the E/C accepted claimant’s accident as compensable and voluntarily paid benefits until they considered the claimant to have reached MMI with no permanent impairment. Teitel-baum Concrete v. Sandelier, 506 So.2d 1122 (Fla. 1st DCA 1987).
We affirm that portion of the order finding E/C #1 partially liable for costs, since the claimant did prevail on the issue of medical benefits. Section 440.34(3), Florida Statutes.
Accordingly, those portions of the DC’s September 10, 1987 orders finding E/C # 1 to be responsible for contribution of compensation benefits and attorney’s fees, and reserving jurisdiction to adjust contribution at a future date are hereby REVERSED. That portion of the September 10, 1987 order finding E/C # 1 responsible for contribution of costs is AFFIRMED.
AFFIRMED IN PART AND REVERSED IN PART.
BOOTH and THOMPSON, JJ., concur.