JOANOS, Judge.
Claimant in this workers’ compensation appeal seeks review of the deputy commissioner’s order denying her petition for attorney’s fees. The issues concern (1) the deputy commissioner’s failure to award attorney’s fees based on temporary total disability benefits received by claimant between January 5, 1987, and May 27, 1987; and (2) the deputy commissioner’s failure to award attorney’s fees based on the award of permanent total disability benefits. We reverse and remand with directions.
The accident which forms the basis of this appeal occurred on January 14, 1985, while claimant was working as a fifth grade teacher. Claimant was involved in a verbal altercation with a student, which escalated into a physical attack. Following the attack, claimant developed a severe speech problem, marked by stuttering, stammering, and mispronunciation of words. She has not returned to work since the January 1985 attack.
On June 4, 1979, claimant had been involved in a similar incident. At that time, she stopped a fight between two students and was in turn attacked by a parent. Although claimant missed only eight days of work in connection with the 1979 incident, she remained under a doctor’s care for several months. In addition, claimant has suffered continuing anxiety, and has been treated with medication and therapy for several years.
On January 16, 1985, and on January 18, 1985, claimant filed claims seeking, among other things, medical benefits, temporary total and temporary partial disability benefits, wage loss or permanent total disability benefits, costs, and attorney’s fees. At the hearing held on the claim, the employer *1308 and carrier controverted the claim in its entirety. It was the position of the employer and carrier that any psychological problem claimant had was related to a pre-exist-ing condition; that claimant suffered only minor injuries in the instant incident and had no need for continued medical care, or if care were needed, it was not related to the accident; that there was no medical causation between the incident of January 14, 1985, and claimant’s current medical condition, if any; that claimant was not temporarily totally disabled; and finally, that claimant did not suffer a compensable accident.
The deposition of Dr. Head, claimant’s treating psychiatrist, indicated that claimant suffered severe depression, anxiety, and fear. Dr. Head said that claimant was unable to stay alone, and was being cared for by her husband and family. In addition, claimant had developed a partial paralysis of her right arm and right leg, as well as a severe speech defect. Dr. Head diagnosed claimant’s condition as traumatic neurosis marked by anxiety, fear, and depression. Dr. Head treated claimant on a continuing basis, with antidepressants, tranquilizing medications, supportive psychotherapy, and interpretive psychotherapy. Dr. Head stated that claimant had improved under treatment, to the extent that she was able to stay home alone and was able to perform some of the household duties.
Nevertheless, Dr. Head found claimant unable to return to work as a teacher. He stated that claimant would require medication for at least another one to two years, although he expected the office visits to become less frequent. Dr. Head opined that within reasonable medical probability, claimant had been temporarily totally disabled since the January 1985 accident. He further stated that, in his opinion, claimant would never be able to return to teaching, and certainly not in the near future.
In an order entered December 3, 1986, the deputy commissioner found that claimant had been temporarily totally disabled since July 16, 1985,[1] and that she was entitled to payment of outstanding medical bills causally related to the January 14, 1985, accident. In addition, the deputy commissioner retained jurisdiction on the issue of attorney’s fees. Thereafter, the parties stipulated that pursuant to the benefits awarded in the December 3, 1986, order, the employer and carrier paid an attorney’s fee in the amount of $5,250.00 for benefits paid through January 5, 1987. It was further stipulated that benefits were paid after January 5, 1987, in connection with the December 3, 1986, order.
On April 10, 1987, claimant’s counsel obtained a letter from Dr. Head, in which Dr. Head opined that claimant reached maximum medical improvement as of October 1, 1986, and that she is permanently and totally impaired. Dr. Head’s letter concluded with the following statement: “In my opinion she is unemployable and will never be able to return to work because of the fear and emotional distress caused by the memories of two physical attacks on the job.” Claimant’s counsel transmitted a copy of Dr. Head’s letter to employer and carrier on April 10, 1987.
On the basis of Dr. Head’s letter, claimant’s counsel attempted to negotiate a settlement of all future benefits on a basis of permanent total disability. On May 8, 1987, claimant’s counsel filed a claim for permanent total disability benefits and attorney’s fees. On May 27, 1987, employer and carrier filed form BCL-4, accepting claimant as permanently totally disabled as of April 10, 1987.
On August 19, 1987, claimant’s counsel filed a petition for attorney’s fees based on temporary total disability benefits for the period from January 5, 1987, through May 27,1987, and for a statutory fee for obtaining permanent total disability benefits, on the ground that employer and carrier denied compensability. In an order entered October 8, 1987, the deputy commissioner denied the petition for attorney’s fees for *1309 the permanent total disability award, finding that counsel had not been required to litigate the issue. The order contains no reference to the claim for an attorney’s fee based on claimant’s receipt of temporary total disability benefits for the period from January 5, 1987, through May 27, 1987.
The first issue in this case presents a scenario somewhat analogous to that in Barr v. Pantry Pride, 518 So.2d 1309 (Fla. 1st DCA 1987), review denied, 525 So.2d 876 (Fla.1988). In Barr, as in the instant case, an attorney’s fee was awarded based on the success of claimant’s counsel in obtaining temporary total disability benefits. And in Barr, as in the instant case, the fee award contemplated only the amount of benefits paid up to the date of the award. This court reversed, noting that “the rule is that an attorney’s fee should be determined on the basis of the total benefits secured as the result of the lawyer’s intervention.” 518 So.2d at 1317-1318. The court found that even though after the order, the employer and carrier paid all temporary total disability benefits due and owing, the payment of those benefits was largely attributable to the efforts of claimant’s attorney, which efforts resulted in the order finding Barr to be temporarily totally disabled and ordering benefits in accordance with that finding. In a footnote, the court in Barr emphasized that the total amount of temporary total disability benefits achieved by claimant’s attorney was a quantifiable amount by the time of the fee hearing. Therefore, a fee which encompassed the full amount of temporary total benefits achieved would not be based in any sense on speculative future benefits. 518 So.2d at 1318 fn. 4.
This court’s opinion in Jackson v. Dade County School Board, 484 So.2d 1290 (Fla. 1st DCA 1986), is also instructive on this issue. In Jackson, the claimant’s counsel, after repeated effort, obtained agreement of the employer and carrier to have claimant examined by a neurosurgeon. On the basis of the neurosurgeon’s opinion that claimant was temporarily totally disabled from the first time he saw her, the employer reinstated benefits. Subsequently, the deputy commissioner awarded an attorney’s fee predicated on benefits paid through December 30, 1982, the date that benefits were reinstated due to the neurosurgeon’s opinion. The deputy commissioner reasoned that no fee was due after December 30, 1982, because at that point the employer and carrier “voluntarily” paid those benefits.
This court reversed, finding the deputy commissioner’s determination that no attorney’s fee was due for benefits paid subsequent to December 30, 1982, was
contrary to this court’s opinion in B.P. Construction, Inc. v. Garcia, 440 So.2d 76 (Fla. 1st DCA 1983), wherein it was held that attorney’s fees should be determined on the basis of the total benefits secured as a result of the lawyer’s intervention. Accord, Williams v. Delta Upsilon Fraternity, 462 So.2d 552 (Fla. 1st DCA 1985). If it were not for the intervention of Jackson’s counsel in this case, she would have remained without necessary medical care and would not have received the disability benefits provided by the employer subsequent to December of 1982. Accordingly, the award of attorney’s fees should have been based upon “the total benefits secured.” It is irrelevant that the employer paid Jackson’s benefits “voluntarily” following the rendition of Dr. Wancier’s opinion on her condition; but for counsel’s insistence and efforts in securing Dr. Wancier’s opinion, those benefits would never have been forthcoming.
484 So.2d at 1291.
Employer and carrier in this case rely on Samper v. W.B. Johnson Properties, Inc., 481 So.2d 88 (Fla. 1st DCA 1986), as precluding any further fee based on counsel’s success in obtaining temporary total disability benefits. In Samper, unlike the instant case, there was nothing to suggest that claimant would suffer any permanent impairment, therefore, the court found that any possible future compensation awards *1310 would have been highly speculative. In this case, however, as in Barr, the total amount of temporary total disability benefits achieved by claimant’s counsel was a quantifiable amount by the time of the fee hearing.[2] Thus, this case does not present the problem of speculative and indeterminate future compensation awards proscribed in Samper.
Accordingly, we find the rationale explicated in Barr and Jackson more appropriate to the facts of this case. It is undisputed that employer and carrier denied that claimant suffered a compensable injury, and that all benefits secured for claimant were attributable solely to the efforts of claimant’s attorney. In Williams v. Delta Upsilon Fraternity, this court observed that there is little difference in the compen-sable time expended by claimant’s counsel to recover medical care and temporary total disability benefits than would be necessary to establish that claimant is permanently totally disabled. In either event, the claimant’s life would be improved, either by successful treatment of a disabling condition or the assurance of receiving permanent total disability benefits. Therefore, “[w]e fail to see how one result could be viewed as less beneficial than the other in considering the reasonable compensation to be awarded the attorney, nor, for that matter can we see any justification for withholding payment in full — justly due the attorney— until one of these predictable results occurs.” 462 So.2d at 555. The court cautioned that on remand, the fact that the deputy determined the claimant was temporarily totally disabled rather than permanently totally disabled should not be translated into a mathematical reduction in the attorney’s fees, for such a result would ignore the intrinsic value of the attorney’s efforts. Id., at 556.
The deputy commissioner in this case made no findings with respect to the first issue, and we are unable to discern, either from the face of the order or our examination of the record, his reasons for denying an attorney’s fee based on temporary total disability benefits for the period from January 5, 1987, through May 27, 1987. Since, in the circumstances, meaningful review is precluded, we must reverse and remand to the deputy commissioner for appropriate findings on the issue of attorney’s fees based on the full amount of temporary total disability benefits attributable to the efforts of claimant’s attorney. See, generally, Hicks v. Putnam County School Board, 464 So.2d 232 (Fla. 1st DCA 1985); Ellerbee v. Concorde Roofing Co., 461 So.2d 206 (Fla. 1st DCA 1984).
We reach a similar result with regard to the second issue, albeit for different reasons. The deputy commissioner’s order is addressed solely to the propriety of an award of attorney’s fees based on the acceptance of claimant as permanently and totally disabled. With regard to this issue, the order sets forth the deputy commissioner’s reasons for denying a fee. However, since we are not convinced that the recited reasons reflect an appropriate application of the legal principles involved, we remand the matter to the deputy commissioner for clarification.
The deputy commissioner’s finding that no additional attorney’s fees were due was predicated on the rule enunciated in International Paper Co. v. McKinney, 384 So.2d 645 (Fla.1980), and this court’s decisions in Polote Corporation v. Meredith, 482 So.2d 515 (Fla. 1st DCA 1986) and Samurai of The Falls, Inc. v. Sul, 509 So.2d 359 (Fla. 1st DCA), review denied, 518 So.2d 1274 (Fla.1987). As the deputy commissioner recognized, in International Paper v. McKinney, the supreme court held that an employer’s voluntary commencement of permanent total compensation benefits within twenty-one days of receiving notice that claimant had reached maximum medical improvement would preclude an award of additional attorney’s fees. The court explained that the employer’s initial contest *1311 of compensability “does not lock the employer into paying attorney’s fees on all subsequent benefits paid if the employer voluntarily and timely pays the additional benefits.” 384 So.2d at 648. In making this determination, the supreme court emphasized that the employer had been presented with a “shotgun” claim which was insufficient notice of a claim for permanent total disability, and claimant’s attorney had performed no additional services for the claimant after the initial hearing.
In Polote Corp. v. McKinney, this court approved an award of attorney’s fees which included services in proving permanent total disability, after an order awarding temporary total disability benefits had been entered. In Polote Corp. v. McKinney, the permanency of the claimant’s disability was litigated in a contested hearing, after the matter of temporary total disability had been adjudicated. The court found that, under the circumstances of the case, the claimant was entitled to recover a fee “for his attorney’s services in securing claimant’s reasonably predictable benefits flowing from the finding of compensability.” 482 So.2d at 517.
In Samurai of the Falls, Inc. v. Sul, the court reversed an attorney’s fee award computed on the basis of an award of temporary total disability benefits and a subsequent award of benefits predicated on a finding of permanent impairment after maximum medical improvement had been reached. The employer and carrier did not challenge the permanency determination, and simply cancelled temporary total disability and advised the claimant that he would have to file wage loss forms from that point on. Furthermore, the court found the only effort claimant’s attorney extended on claimant’s behalf was to file a claim for temporary total disability benefits, which he later won. Since the payment of permanent benefits did not in any way “flow from” any activity by claimant’s attorney or depend upon the scope of issues litigated by him, the award of attorney’s fees, which had been computed in part on the award of permanent benefits, was reversed and remanded for recomputation based on benefits attributable to the attorney’s efforts.
In the instant case, the deputy commissioner distinguished Polote, since in Polote claimant’s attorney was required to litigate permanency and in this case the employer and carrier accepted claimant as permanently totally disabled without further litigation. The deputy commissioner then found that when the case was heard, permanent total disability was not reasonably predictable. In addition, the deputy commissioner found that this case was in accord with Samurai of the Falls v. Sul, in that here, as in that case, the payment of permanent benefits did not flow from any activity on the part of claimant’s attorney or depend upon the scope of the issues litigated by him.
We are mindful of the deputy commissioner’s role as fact finder, and while we believe the record would equally support a view that permanent total disability was reasonably predictable, we do not disturb the deputy commissioner’s determination in this regard. However, we are somewhat troubled by the deputy’s finding that the payment of permanent benefits in this case was not in any way attributable to the efforts of claimant’s attorney, or dependent upon the scope of the issues litigated. The order suggests that the deputy’s finding in this regard was based on a reading of Polote to mean that permanent total disability must be fully litigated to warrant an attorney’s fee. If, indeed, this is the case, we think Polote cannot be interpreted so narrowly. Moreover, from our examination of the record, it appears that this case does not present a McKinney notice problem, since employer and carrier received sufficient notice that permanent total disability was at issue, and based on the record before this court, it appears that claimant’s counsel continued to expend efforts on claimant’s behalf subsequent to the finding of temporary total disability.
Accordingly, we reverse with regard to the first issue, and remand with directions *1312 to reconsider the full amount of temporary total disability benefits achieved by claimant’s attorney, and to determine whether an additional fee is warranted. We reverse with regard to the second issue, and remand with directions to clarify the determination that permanent total disability benefits are in no way attributable to the efforts of claimant’s attorney.
BOOTH and MINER, JJ., concur.

. July 16, 1985, is the date claimant was first examined by Dr. Head, her treating psychiatrist.

. The hearing on attorney’s fees in this case took place on September 14, 1987, well after payment of all temporary total disability benefits.