BARFIELD, Judge.
Competent, substantial evidence supports the findings of the judge of compensation claims that the claimant’s attorney is entitled to a reasonable attorney fee, that the amount of benefits secured by the attorney’s efforts is $15,092.75, that the statutory guidelines fee would be $3,013.91, and that a reasonable hourly rate in this ease is $275 per hour. However, the order awarding $20,625 in attorney fees must be reversed because, in determining whether the statutory guidelines fee would be reasonable, the judge improperly took into account time spent pursuing claims for benefits which have not yet been secured and are not “reasonably predictable,” [1] and time spent proving the amount of the attorney fee[2]. When the pending claims have been resolved, the claimant may seek attorney fees based on the amount of the benefits secured or, if the statutory fee schedule would result in an inequitable fee, on the time expended in pursuing those claims.
REVERSED and REMANDED to the judge of compensation claims for determination of the proper amount of a reasonable attorney fee, taking into account only the time spent pursuing the claims for benefits which were secured by the claimant’s attorney, and the time spent proving entitlement to attorney fees.
MINER and WOLF, JJ., concur.

. See the discussion of “reasonably predictable” benefits in International Paper Co. v. McKinney, 384 So.2d 645 (Fla.1980); Smith v. U.S. Sugar Corp., 624 So.2d 315 (Fla. 1st DCA 1993); Wiseman v. AT v. AT & T Technologies, Inc., 569 So.2d 508 (Fla. 1st DCA 1990); Barr v. Pantry Pride, 518 So.2d 1309 (Fla. 1st DCA 1987), rev. den., 525 So.2d 876 (Fla.1988); Samurai of the Falls, Inc. v. Sul, 509 So.2d 359 (Fla. 1st DCA), rev. den., Doug lo Sul v. Samurai of the Falls, Inc., 518 So.2d 1274 (Fla.1987); Combustion Engineering, Inc. v. Cote, 505 So.2d 533 (Fla. 1st DCA 1987); Prestressed Systems v. Goff, 486 So.2d 1378 (Fla. 1st DCA 1986); Samper v. W.B. Johnson Properties, Inc./Holiday Inn, 481 So.2d 88 (Fla. 1st DCA 1986); Polote Corp. v. Meredith, 482 So.2d 515 (Fla. 1st DCA 1986).

. Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351 (Fla.1987).