ZEHMER, Chief Judge.
Employer, Marion County School Board, and Carrier, Adjustco, appeal and Claimant, Robert Griffin, cross-appeals a workers’ compensation order that directs Employer and Carrier to pay Claimant’s attorney $19,079.62 as a reasonable attorney’s fee. Employer and Carrier raise three issues on appeal, and Claimant raises two issues on cross-appeal. *359 We affirm in part, reverse in part, and remand for further proceedings.
On January 22, 1981,[1] Claimant, who worked for Employer as a teacher, fell while playing a basketball game with some students, injuring his right ankle and back. Employer and Carrier accepted compensability of Claimant’s right ankle injury and provided benefits relating to that injury, but did not initially accept compensability of his back injury. A few months after the accident, Claimant underwent back surgery and subsequently secured the services of an attorney to assert entitlement to benefits for the back injury by a May 1981 claim for benefits. After a hearing, the judge entered an August 21, 1981, order, finding that Claimant’s back injury was causally related to the industrial accident, ordering Employer and Carrier to pay temporary total (TTD) and temporary partial disability (TPD) benefits for certain periods, and ordering them to pay Claimant’s attorney’s fees and costs. After negotiations by the parties’ attorneys, Employer and Carrier agreed to pay Claimant’s attorney $1,920.38 in attorney’s fees, which amount was paid on December 29,1981.[2] In January 1982, Claimant aggravated his back injury in an altercation with a student and was required to undergo a second operation. Employer and Carrier accepted this injury as compensable and provided Claimant with medical care and disability benefits. Between 1984 and 1990, Claimant filed other claims relating to the 1981 accident, some of which were denied and others granted.
On January 9, 1992, Claimant filed a claim seeking determination of the amount of costs, interim attorney’s fees, and interest due. After a hearing, during which Claimant argued that the December 1981 fee payment was an “interim fee,” the judge entered an order on June 4, 1992, finding that Claimant’s attorney is entitled to determination of the total amount of fees due in accordance with the August 1981 order, and that Employer and Carrier are entitled to credit for the “interim fee” paid in December 1981 pursuant to the parties’ agreement. The order reserved jurisdiction to determine the amount, if any, of additional fees due to Claimant’s attorney.[3] After a final hearing, the judge entered an order on October 4, 1993, ordering Employer and Carrier to pay Claimant’s attorney $19,079.62 as a reasonable fee, and reserving jurisdiction to determine the amount of taxable costs due. This order finds that pursuant to the previous orders, Claimant’s attorney is entitled to additional fees from Employer and Carrier without having to prove any additional basis for entitlement over and above that established 10 years previously; that a reasonable fee should be $21,000 for all past and reasonably predictable future benefits, after taking into consideration all of the factors set forth in section 440.34, Florida Statutes; and that Employer and Carrier are entitled to an offset of $1,920.38 for the “interim fee” already paid.
Employer and Carrier argue that the judge erred in the October 1993 order by finding that Claimant’s attorney is entitled to additional fees on benefits secured after the 1981 hearing beyond the fees he previously accepted pursuant to the parties’ agreement. They contend that the June 1992 order contained no such finding, and, if the order had contained such a finding, it would have been erroneous because such finding would have been contrary to well established workers’ compensation law striking interim fee awards. They argue that the 1992 claim for *360 additional attorney’s fees was barred by Claimant’s failure to prosecute the entitlement issue at the 1984 hearing or in the 1988 and 1990 claims when the issue was ripe and mature. They argue that the doctrines of laches and estoppel preclude the claim for additional fees in excess of that paid in December 1981, especially since the 10-year delay in filing that claim resulted in undue prejudice to them because, had Claimant pursued that claim at the 1984 hearing, the total number of hours expended would have been lower; the customary hourly rate would have been lower; and the length of the professional relationship would have been shorter. Additionally, they maintain, because Claimant’s attorney accepted a fee without the judge’s approval and later silently accrued additional time on the file while waiting for the anticipated substantial fee, he should be barred from asserting his claim for additional fees due to “unclean hands.”
We conclude there is no error in the judge’s ruling that Claimant’s attorney was entitled to fees in addition to that paid pursuant to the parties’ agreement entered into after the 1981 hearing. Employer and Carrier correctly note that this court has held that a judge has no authority pursuant to section 440.34, Florida Statutes,[4] to award an “interim” fee and then to reserve jurisdiction to award additional fees merely to take into account the continuing dispersal of benefits to a claimant, Samper v. W.B. Johnson Properties, Inc., 481 So.2d 88, 92 (Fla. 1st DCA 1986), or to determine and order installment annual payments on a fixed fee amount determined by the judge, What an Idea, Inc. v. Sitko, 505 So.2d 497 (Fla. 1st DCA), rev. denied, 513 So.2d 1064 (Fla.1987). Also, in absence of judicial approval, an agreement to award fees in such a manner has no force or effect against a party in these proceedings. Barr v. Pantry Pride, 518 So.2d 1309 (Fla. 1st DCA 1987), rev. denied, 525 So.2d 876 (Fla.1988). But despite the non-binding ef-feet of the agreement, where the evidence indicates that the payment made pursuant thereto was merely an installment payment on the total amount of fees due, the judge may take the amount paid pursuant to the agreement into consideration in determining the amount of fees due. Barr v. Pantry Pride, 518 So.2d at 1319. In this case, competent, substantial evidence supports the judge’s finding that the payment made pursuant to the agreement was intended as a partial payment of the total fee due to Claimant’s attorney for the benefits secured as a result of the 1981 hearing, representing only the benefits secured to the date of the 1981 hearing but not the reasonably predictable benefits flowing from the finding of compens-ability in 1981.[5] Thus, while the lack of judicial approval of the parties’ agreement rendered the agreement without force and effect against Claimant, the judge properly could have taken into consideration the amount paid pursuant to the agreement in determining the total amount of fees due to Claimant’s attorney. The 1993 order on appeal indicates that the judge took that amount into consideration in this case by deducting the amount paid pursuant to the agreement from the amount of fees found to be due to Claimant’s attorney.
Employer and Carrier next contend that the fee awarded in this case ($21,000 including the amount paid in 1981) is excessive because the judge erroneously considered benefits actually provided and “time and labor” expended after the initial finding of compensability in 1981. They argue that with respect to the determination of the value of “benefits secured,” Claimant’s medical benefits stemming from the 1982 accident only, which aggravated his 1981 back injury, or merger of the accidents, were not reasonably predictable as of the 1981 hearing and should not have been included. Finally, they argue, the judge erred in considering 10 *361 hours Claimant’s attorney spent preparing for the 1992 hearing, because entitlement to a fee based on the initial finding of compens-ability had already been acknowledged by Employer and Carrier, and the 1981 order had found liability for the fee and reserved jurisdiction to determine the amount. Claimant raises a related contention on cross-appeal, arguing that the judge erred in determining the reasonably predictable benefits as of the date of the 1981 compensability determination where the judge included in the fee determination made in 1993 the actual past benefits to the date of the 1993 fee hearing, which includes benefits secured as a result of both the 1981 and 1982 accidents.
The 1993 order indicates that the judge awarded fees based on past and reasonably predictable future benefits valued at $42,000 combined. In arriving at this amount, it appears that the judge included in his consideration of the past benefits paid those benefits voluntarily paid by Employer and Carrier without an order for injuries resulting from the 1982 accident. That accident occurred after the entry of the August 1981 order determining that Claimant’s attorney was entitled to a reasonable fee for securing benefits related to the 1981 accident. The 1993 order is erroneous in this respect and must be reversed because the 1982 accident was not reasonably anticipated at the time the 1981 order was entered.[6] On remand, to the extent the judge finds it necessary, additional evidence may be admitted as to the other issues raised on this appeal, including the extent of reasonably anticipated future medical expenses. The judge is also ordered to address apparent inconsistencies in paragraphs 4(a) and 7 of the 1993 order relating to the number of hours expended by Claimant’s attorney and the hours to which the different hourly rates apply.[7]
We affirm as to the final issue Claimant raises on cross-appeal, arguing that the judge abused his discretion in excluding 45 hours expended from 1982 to 1988 from consideration of hours expended by Claimant’s attorney. Competent, substantial evidence supports the exclusion based on the illegibility of some of the time sheets or their failure to provide any information as to the date, time, and nature of the services claimed to have been rendered during the relevant period. See Barr v. Pantry Pride, 518 So.2d 1309. (Fla. 1st DCA1987).
AFFIRMED in part, REVERSED and REMANDED.
DAVIS, J., and WENTWORTH, Senior Judge, concur.

. While the 1993 order states that the accident occurred on January 27, other record documents, orders, and testimony indicate that it occurred on January 22.

. A December 3, 1981, letter from Employer and Carrier's attorney to Claimant’s attorney states that $8,351.90 is the total amount of benefits on which the fee should be calculated, and that he understood that they would agree on a "scale” on that amount. Claimant's attorney responded by a December 8 letter stating that "we agree to accept a statutory attorney's fee based on the benefits we secured for Mr. Griffin through November 24, 1981.... As we advised you, we will accept an attorney’s fee calculated on the statutory formula based on the understanding that this does not prejudice our right [to] assert entitlement to additional fees for benefits paid to or on behalf of Mr. Griffin in the future.”

.This court dismissed Employer and Carrier's appeal of that order without prejudice to their right to seek review upon entry of a final order.

. Subsection 440.34(1), Florida Statutes (Supp. 1980), provides that “No fee, gratuity or other consideration shall be paid for services rendered for a claimant in connection with any proceedings arising under this chapter, unless approved by the deputy commissioner or court having jurisdiction over such proceedings."

. See The Palote Corp. v. Meredith, 482 So.2d 515 (Fla. 1st DCA 1986) (attorney's fees should be determined on the basis of total benefits secured as a result of the intervention of claimant’s attorney, which includes the attorney's services in securing Claimant’s reasonably predictable benefits flowing from the finding of compensability).

. In light of this reversal, we find it unnecessary to address Employer and Carrier’s argument that the 1993 order fails to contain sufficient factual findings to support an award of additional attorney’s fees.

. For example, paragraph 4(a) states that "the addition of time spent during the various stages of the case yields a total of around 100 to 105 hours which should be considered when eslab-lishing this fee." However, in paragraph 7, which addresses whether a guideline fee should be applied, the order inexplicably states that "Claimant’s counsel reasonably spent around 125 hours in obtaining these benefits.” While this error appears harmless because of the judge's decision not to award a guideline fee, revised findings may affect the fee determination made on remand.