981 So.2d 6 (2007)
Jerry L. SMITH, Appellant,
v.
SCHOOL BOARD OF PALM BEACH COUNTY, James P. Kelly, individually, and Robert K. Thomas, individually, Appellees.
No. 4D07-333.
District Court of Appeal of Florida, Fourth District.
November 21, 2007.
*7 Frederick W. Ford, Palm Beach Gardens, for appellant.
Randall D. Burks, West Palm Beach, for appellee School Board of Palm Beach County.
POLEN, J.
Appellant Jerry Smith appeals the trial court's final order on attorney's fees and costs in his 42 U.S.C. § 1983 action below. While Smith recovered some attorney's fees and costs, he appeals the trial court's determination of the reasonable number of hours expended by his attorney, the hourly rate to be charged, a reduction of his costs and the decision that a lodestar multiplier was not appropriate in this case. While affirming the trial court's decision as to the reasonable number of hours and the inappropriateness of a multiplier, we find *8 the trial court erred in determining the hourly rate to be charged and in reducing Smith's costs without explanation and reverse on these two points.
This case began when Smith filed a complaint against Appellees, the School Board of Palm Beach County (Board), James Kelly and Robert Thomas, alleging three counts of defamation. The complaint was filed pursuant to 42 U.S.C. § 1983 for violation of Smith's due process rights. Smith was employed by the Board as a school police officer. In November of 2002 a female student lodged a complaint against Smith, alleging he made inappropriate comments and actions toward her. Smith was initially unaware of the allegations and was placed on paid leave pending the outcome of an investigation into the matter.
In December of 2002, Smith was terminated. Smith was still in the probationary period of his employment when terminated and was given no reason for the termination. James Kelly, a fellow police officer, eventually filed an affidavit of separation with the Florida Department of Law Enforcement (FDLE) indicating Smith was fired for "Failure to Satisfactorily Complete Agency Field Training Program." However, Smith had already completed the training. Smith was never informed that he had the right to clear his name and when he learned of the allegations made against him, he conducted his own investigation. Smith sent a letter to Kelly formally requesting a name clearing hearing but got no response.
Following his termination, Smith applied for employment at the Riviera Beach Police Department (Department). When the Department contacted the Board as part of Smith's background check, it was provided with the investigative file containing the allegations against Smith as well as the supposed reason for Smith's termination. As a result, Smith was not hired "[b]ased on the facts and circumstances, specifically the criminal investigation on Smith by the school board police." Smith applied to other Florida law enforcement agencies and had similar experiences elsewhere. The Board offered Smith a name clearing hearing in February of 2006 but Smith did not accept the offer, choosing to proceed to trial.
Prior to trial, the defendants agreed to stipulate to liability for failure to provide a name clearing hearing if the claims against Kelly and Thomas were dismissed. Smith agreed to drop the claims against Kelly and Thomas and the trial proceeded for a determination of damages. Following a jury trial, the jury awarded Smith $60,320.00 in damages for lost wages and benefits, but nothing for pain and suffering.
Smith filed a motion for attorney's fees and costs, requesting $111,720.00 in attorney's fees and $14,157.02 in costs. A hearing was held to determine the proper amount of attorney's fees to be awarded. Smith's attorney testified his hourly rate was $300.00 and Smith's expert witness agreed that this was a reasonable hourly rate for his services. The Board's expert testified that a $175.00-$200.00 hourly rate was reasonable. Following review of the evidence, the trial court issued a final order awarding Smith $200.00 an hour for 300 hours and $8,200.00 in costs, for a total award of $68,000.00.
An award of attorney's fees is reviewed using an abuse of discretion standard. Quintana v. Jenne, 414 F.3d 1306, 1309 (11th Cir.2005).
Determining a plaintiff's entitlement to attorney fees entails a three-step process. First, a court asks if the plaintiff has "prevailed" in the statutory sense. Second, the court calculates the "lode-star," *9 which is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area. Finally, the court has the opportunity to adjust the lodestar to account for other considerations that have not yet figured in the computation, the most important being the relation of the results obtained to the work done.
Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir.2000) (internal citations omitted). "A `district court . . . is not bound by the hourly rate requested by the victor's counsel.'" Id. (quoting Phetosomphone v. Allison Reed Group, Inc., 984 F.2d 4, 8 (1st Cir.1993)).
"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299.
Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.
Id. Perhaps the strongest and best evidence of an attorney's market rate is the hourly rate he/she charges clients. Dillard v. City of Greensboro, 213 F.3d 1347, 1354 (11th Cir.2000). "It is the job of the district court in a given case to interpolate the reasonable rate based on an analysis of the skills enumerated above which were exhibited by the attorney in the case at bar." Id. at 1301.
In this case, Smith's two experts testified that a reasonable hourly rate for his attorney, based on rating and experience, was anywhere from $250.00-$316.00 an hour. This testimony was based on the experts' experience in dealing with attorneys who handled § 1983 actions and other private actions. In contrast, the Board's expert testified that the average hourly rate "was somewhere in the range between $175.00 and $200.00 an hour." This testimony was based on the expert's experience with a wide range of government and civil attorneys who worked for insurance companies or local governments. The expert agreed there were attorneys charging both more and less than this amount. The trial court awarded Smith's attorney the hourly rate attested to by the Board's expert.
We find the trial court abused its discretion in determining that $200.00 was a reasonable hourly rate in this case as this determination is not supported by competent and substantial evidence. The Board's expert's testimony was drawn from his experience as a government and insurance defense attorney, attorneys who typically are paid a lower hourly rate than other private attorneys. Courts have recognized that:
[I]t is not unusual for a law firm representing a governmental entity on an ongoing basis to charge substantially lower hourly rates than would be charged for representation in a single case. Where the facts show this, the fee charged by a government attorney is simply irrelevant to the establishment of a reasonable hourly rate for a plaintiff's civil rights lawyer.
Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988). Review of the record shows the evidence supports an hourly award as testified to by Smith's attorney's and Smith's experts' testimony, which was drawn from their experience with similarly situated attorneys *10 and on Smith's attorney's going rate.
Smith also appeals the trial court's reduction in the amount of costs to be awarded, arguing the trial court was required to specify why it was reducing the costs and exactly which costs were being subtracted. Smith requested $16,868.52 in costs and fees and the trial court awarded him $8,200.00 in costs.
An award of costs is reviewed using an abuse of discretion standard. Villano v. City of Boynton Beach, 254 F.3d 1302, 1311 (11th Cir.2001). Part of the trial court's reduction in the amount requested, approximately $6,765.00, was for expert witness fees. The United States Supreme Court has held that expert witness fees cannot be awarded to prevailing parties in cases brought under 42 U.S.C. § 1983 "because 42 U.S.C. § 1988, which governs fee awards in such cases, does not explicitly allow recovery of expert fees in § 1983 actions." Kenny A. ex rel. Winn v. Perdue, 454 F.Supp.2d 1260, 1291 (N.D.Ga. 2006). We find no error in the trial court's deduction of this amount. However, even taking this deduction into account, the trial court awarded Smith $1,917.52 less than what he requested, with no explanation as to which costs were being deducted and why. We find the trial court erred in failing to identify these costs. See Villano, 254 F.3d at 1311.
We find the trial court erred in awarding Smith's attorney $200.00 an hour as opposed to $300.00 an hour, as this award is not supported by competent and substantial evidence and reverse for entry of a new order awarding the appropriate hourly rate. We find the trial court erred in failing to identify the additional $1,917.52 in costs it denied Smith and remand for an evidentiary hearing to allow the trial court an opportunity to specifically identify and explain which costs were not awarded.
KLEIN and MAY, JJ., concur.