KAHN, J.
 

 In a personal injury case, the jury awarded damages to a commercial truck driver whose vehicle was rear-ended by a tractor trailer. Appellants raise ten issues. In addition to various evidentiary and collateral source matters, appellants, the driver and owner of the tractor trailer, complain of two rulings: (1) the trial court taxed more prevailing party costs against appellants than appellee was entitled to; and (2) the trial court erroneously determined that appellee was entitled to attorney’s fees and costs pursuant to appellee’s proposal for settlement. We affirm the trial court’s evidentiary and collateral source rulings, reverse the determination as to attorney’s fees, and reverse in part as to the award of costs.
 

 On May 22, 2007, appellee Gerald Fu-gate served appellants Billy Rizal Nilo and Jo Ann Farrington Walker with a formal proposal for settlement of $400,000. Appellants rejected the proposal, and a jury trial ensued on both liability and damages. The jury returned a verdict in Fugate’s favor in the amount of $495,246.41. Fu-gate moved for attorney’s fees and costs pursuant to the unaccepted proposal for settlement, as well as $29,641.95 in prevailing party costs. The trial court entered an order taxing costs in the amount of $32,423, resulting in a judgment for appel-lee of $527,669.41. Consequently, the court awarded appellee $76,440 in attorney’s fees and costs.
 

 We review an award of costs for abuse of discretion.
 
 Smith v. Bd. of Palm Beach County,
 
 981 So.2d 6 (Fla. 4th DCA 2007). The moving party has the burden to show that all requested costs were reasonably necessary.
 
 See Starita v. W. Putnam Post No. 10164,
 
 666 So.2d 278 (Fla. 5th DCA 1996). Findings as to the specific amount of costs will not be disturbed if supported by competent substantial evidence.
 
 Manon County Sch. Bd. v. Griffin,
 
 667 So.2d 358 (Fla. 1st DCA 1995).
 

 Fugate concedes error in the costs award, which exceeded the amount requested by $2,781.05. The taxable costs awarded should be reduced accordingly, and we reverse the order awarding costs to the extent necessary to correct this mistake. We do not, however, conclude
 
 *625
 
 that the trial court’s remaining findings as to the costs were not supported by competent substantial evidence.
 

 Entitlement to attorney’s fees under section 768.79, Florida Statutes (2006), is subject to de novo review.
 
 Campbell v. Goldman,
 
 959 So.2d 223 (Fla. 2007). In a civil action for damages, “[i]f a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney’s fees incurred from the date of the filing of the demand.” § 768.79, Fla. Stat. (2006). Only those costs incurred pre-demand may be considered in determining whether the total judgment meets the statutory threshold.
 
 See Perez v. Circuit City Stores, Inc.,
 
 721 So.2d 409, 412 (Fla. 3d DCA 1998). Pursuant to appellee’s proposal for settlement, and in accordance with section 768.79, Florida Statutes, Fugate would have been entitled to attorney’s fees and costs if the judgment exceeded $500,000. Appellee admits a trial court error here, because he did not incur the $4,753.59 in additional costs needed to reach the statutory threshold, before tendering the proposal for settlement. As the judgment did not exceed $500,000, we REVERSE the award of attorney’s fees and costs pursuant to section 768.79. We AFFIRM the trial court’s rulings in all other respects and REMAND with instructions to correct the costs award and vacate the fee award.
 

 BENTON and ROBERTS, JJ., concur.