PER CURIAM.
In this workers’ compensation appeal, appellants Interior Custom Concepts, Inc. and Protregrity Services, Inc., the employer and insurance carrier (E/C) respectively, appeal the Compensation Order on Attorney’s Fees and Costs. We agree with the E/C that there is not competent, substantial evidence in the record to support the Judge of Compensation Claims’ calculation of attorney’s fees owed the claimant and his attorney. Accordingly, we reverse the Compensation Order and remand for further proceedings.

I. Background

In April 1999, the claimant, Ron Slovak, a cabinet maker for Interior Custom Concepts, Inc., suffered a compensable injury to his left hand. In 2001, the E/C accepted claimant as permanently and totally disabled, and began paying permanent total disability (PTD) benefits.
Several years later, in May 2005, claimant participated in a vocational evaluation *1096 and re-employment assessment; the vocational consultant opined claimant may be able to return to work, with appropriate restrictions on the use of his left hand. The E/C scheduled claimant for a Functional Medical Evaluation (FME), apparently to determine whether claimant remained permanently and totally disabled. However, claimant did not appear for the exam. Thus, pursuant to subsections 440.15(l)(e)(l) and (3), Florida Statutes (1999), the E/C suspended claimant’s PTD benefits, effective October 7, 2005.
Subsequently, claimant filed a Petition for Benefits. In response, the E/C filed a Motion to Compel claimant’s attendance at the FME. Following a hearing on the Petition and Motion, the JCC agreed with claimant that Florida Statutes, Chapter 440, does not expressly provide for a “functional medical evaluation,” and thus the court could not compel claimant’s attendance at the exam. Accordingly, the E/C reinstated claimant’s PTD benefits, effective December 16, 2005.
Following the court’s ruling, the parties prepared a joint stipulation, later adopted by the JCC, wherein the E/C agreed claimant was entitled to $5,470.80 in past due PTD benefits for the period from October 7, through December 16, 2005. The E/C also agreed claimant’s counsel was entitled to attorney’s fees and costs. Indeed, the E/C asserted counsel was entitled to a percentage of the benefits actually obtained for claimant, or $5,470.80 in past due PTD benefits. In contrast, the claimant argued the value of the benefits secured by his counsel included both the past due PTD benefits, and the full present value of total PTD benefits which will be paid out to claimant over his life span.
On November 21, 2006, the JCC entered the Compensation Order on Attorney’s Fees and Costs. The JCC determined that claimant’s attorney was entitled to a fee equal to a percentage of the “value of the benefits obtained” for his client. The court found that the benefits counsel obtained for claimant were, in effect, the total PTD benefits to be paid claimant over his life span because, the JCC reasoned, had counsel not intervened the E/C intended to permanently suspend PTD benefits. Accordingly, the JCC calculated the value of benefits obtained as $478,530.12, and directed the E/C to pay claimant’s counsel $48,603.00 in attorney’s fees, as well as $139.58 in costs.
On appeal, the E/C asserts the JCC erred in her calculation of attorney’s fees because there is not competent, substantial evidence to support the finding that the E/C intended to permanently suspend PTD benefits; they argue the undisputed evidence before the JCC supports the conclusion that the E/C’s suspension of benefits was temporary. Thus, the E/C contends, the only benefits counsel actually obtained for his client are the past due PTD benefits for the period from October 7, through December 16, 2005.

II. Analysis

This court has previously held the award of attorney’s fees in a workers’ compensation proceeding should be “determined on the basis of total benefits secured as a result of the intervention of claimant’s attorney.” Polote Corp. v. Meredith, 482 So.2d 515, 517 (Fla. 1st DCA 1986) (citing B.P. Constr. Inc. v. Garcia, 440 So.2d 76 (Fla. 1st DCA 1983)). Thus, “[a]n award of attorney’s fees is appropriate based on a finding of compensability and all other benefits which flow from that finding; that is, the fee should be predicated upon the total benefits secured as a result of the intervention of the attorney.” Groves v. Butler, 525 So.2d 1003, 1004 (Fla. 1st DCA 1988).
*1097 In this case, the E/C temporarily suspended claimant’s PTD benefits pursuant to the following statute:
The employer’s or carrier’s right to conduct vocational evaluations or testing pursuant to s. 440.491 continues even after the employee has been accepted or adjudicated as entitled to compensation under this chapter. This right includes, but is not limited to, instances in which such evaluations or tests are recommended by a treating physician or independent medical-examination physician, instances warranted by a change in the employee’s medical condition, or instances in which the employee appears to be making appropriate progress in recuperation. This right may not be exercised more than once every calendar year.
§ 440.15(l)(e)(l), Fla. Stat. (1999). Additionally,
Pursuant to an order of the judge of compensation claims, the employer or carrier may withhold payment of benefits for permanent total disability or supplements for any period during which the employee willfully fails or refuses to appear without good cause for the scheduled vocational evaluation or testing.
§ 440.15(l)(e)(3), Fla. Stat. (1999).
The E/C indicated in several letters to the claimant and his counsel that the suspension of benefits pursuant to sections 440.15(l)(e)(l) and (3) was temporary, lasting only until the claimant agreed to appear for the FME. Further, the E/C reinstated claimant’s PTD benefits almost immediately after the JCC denied their motion to compel claimant’s attendance at the FME. There is no competent, substantial evidence which suggests the E/C intended to permanently suspend claimant’s benefits. Accordingly, the only benefits counsel secured for the claimant in the proceedings below were the value of the past due PTD benefits, totaling $5,470.80.
Therefore, we REVERSE the Compensation Order on Attorney’s Fees and Costs, and REMAND to the JCC for further proceedings.
WOLF, POLSTON, and THOMAS, JJ., concur.