THOMAS, J.
In this workers’ compensation case, the Employer/Carrier (E/C) appeals an order awarding attorney’s fees and costs to Claimant’s counsel. We reverse based on Interior Custom Concepts v. Slovak, 969 So.2d 1095 (Fla. 1st DCA 2007).
Background
Claimant was injured in an industrial accident on May 5, 1997, and administratively accepted as permanently and totally disabled in 1999. The E/C paid permanent total disability (PTD) benefits and PTD supplemental benefits until January 10, 2008, when those benefits stopped without explanation. Claimant filed a petition for benefits on March 25, 2008, seeking their reinstatement, plus attorney’s fees and costs. The E/C did not file a response to the petition. On May 7, 2008, however, the E/C paid Claimant a lump sum of $9,060.49, representing PTD and PTD supplemental benefits due from January 10, 2008, with penalties and interest. The E/C also resumed paying PTD and PTD supplemental benefits.
Claimant’s counsel filed a petition for attorney’s fees on June 18, 2009, seeking $56,288.95 in fees from the E/C based on benefits counsel asserted he obtained for Claimant. In addition to certain medical benefits not at issue in this appeal, the value of those benefits included not only the $9,060.49 in past due PTD and PTD supplemental benefits, plus penalties and interest, paid on May 7, 2008, but also the present value of all future PTD and PTD supplemental benefits which Claimant’s counsel alleged to be $532,810.88.
The only testimony presented at the subsequent fee hearing came from the E/C’s adjuster, who testified that benefits stopped due to an administrative error when the claim file was transferred from another adjuster to her in January 2008. She testified the E/C never intended to deny benefits and that the failure to pay was “merely an oversight.” The adjuster did not explain why the E/C did not reinstate benefits and pay past due PTD and PTD supplemental benefits before May 7, 2008.
Following the fee hearing, the JCC initially entered an order awarding Claimant’s counsel a fee in the full amount requested. The JCC rejected the E/C’s argument that the value of future PTD and PTD supplemental benefits should not be included in determining the value of benefits obtained by Claimant’s counsel, finding that the E/C never intended to permanently suspend those benefits. Following rehearing, the JCC entered an amended order reducing the fee to $40,237.45, based on the statutory provision that a fee based on benefits obtained should include an amount equal to only 5% of benefits secured after 10 years. See § 440.34(1), Fla. Stat. (1995). The JCC, however, again rejected the E/C’s argument that the value of future PTD and PTD supplemental benefits should not be included in the fee calculation, and based the fee on calculations *667 which included the value of future benefits.
In rejecting the E/C’s argument, the JCC first concluded the E/C’s intent was irrelevant to the issue of Claimant’s counsel’s entitlement to attorney’s fees, because the E/C did not respond to the petition for benefits within 30 days. Distinguishing this court’s opinion in Slovak, the JCC then concluded that future PTD and PTD supplemental benefits should be considered in determining the value of benefits obtained because Claimant’s counsel was responsible for reinstatement of the PTD and PTD supplemental benefits.
Analysis
Under section 440.34(3)(b), Florida Statutes (1995), the paragraph of the attorney fee statute applicable to this May 5, 1997, date of accident, a claimant is entitled to recover a reasonable attorney’s fee from an employer or carrier “in any case in which the employer or carrier files a notice of denial with the division and the injured person has employed an attorney in the successful prosecution of his claim.” Our decisions hold that an employer or carrier’s failure to pay the requested benefits, file a notice of denial, or invoke the “pay and investigate” provisions of section 440.20(4), Florida Statutes (1995), results in the E/C being responsible for Claimant’s attorney’s fees under section 440.34(3)(b). See, e.g., McDonald’s Rest. # 7160 v. Montes, 736 So.2d 768, 769 (Fla. 1st DCA 1999). Because the E/C took no action within 14 days of receipt of the petition requesting PTD and PTD supplemental benefits, but later paid those benefits, the JCC properly determined Claimant’s counsel was entitled to attorney’s fees from the E/C. Cf. Stolzer v. Magic Tilt Trailer, Inc., 878 So.2d 437, 438 (Fla. 1st DCA 2004) (holding that 2002 amendment to section 440.34(3), Florida Statutes, providing that attorney’s fees shall not attach under that subsection until 30 days after the date the carrier or employer receives the petition for benefits, was substantive change and thus could not be applied retroactively).
Although the JCC correctly determined that Claimant’s counsel was entitled to attorney’s fees for obtaining reinstatement of PTD and PTD supplemental benefits, the JCC erred in considering the value of future benefits in determining the amount of fees due. Where the E/C does not intend to permanently suspend PTD and PTD supplemental benefits, our decision in Slovak holds that only the value of past due benefits should be considered in determining the amount of attorney’s fees. 969 So.2d at 1097. Here, the JCC accepted the adjuster’s testimony and specifically found that the E/C had absolutely no knowledge it had ever stopped paying benefits. Given this finding of fact, it was not permissible for the JCC to find (nor did she find) that the E/C intended to permanently suspend PTD and PTD supplemental benefits.
We do not condone the E/C’s negligent failure to timely provide disability benefits. In cases where there is competent, substantial evidence that the E/C intended to permanently suspend PTD and PTD supplemental benefits, a JCC may find the E/C intended to permanently suspend those benefits, and may properly consider the value of future benefits in determining the amount of attorney’s fees to award. Here, however, the JCC made no such finding, and the reasons for including the value of future PTD and PTD supplemental benefits in the fee calculation are no more compelling than in Slovak. We therefore reverse the order on appeal and remand with instructions that the amount of attorney’s fees be determined without considering the value of future PTD and PTD supplemental benefits.
*668 REVERSED and REMANDED with instructions consistent with this opinion.
ROWE, J., concurs; WOLF, J., dissents with written opinion.