WOLF, J.,
Dissenting.
The cornerstone of the majority opinion is that “the JCC accepted the adjuster’s testimony and specifically found that the E/C had absolutely no knowledge it had ever stopped paying benefits. Given this finding of fact, it was not permissible for the JCC to find (nor did she find) that the E/C intended to permanently suspend PTD and PTD supplemental benefits.” The majority, therefore, determined that Interior Custom Concepts v. Slovak, 969 So.2d 1095 (Fla. 1st DCA 2007), is controlling.
I cannot agree. As the JCC correctly determined, the initial subjective intent or lack of culpability of the E/C in originally cutting off benefits is irrelevant. Competent, substantial evidence and the objective measures as reflected by the record support the JCC’s specific factual finding, “[wjithout the intervention of claimant’s counsel, claimant may never have been paid again.” This determination distinguishes the holding in Interior Custom Concepts and is the reason the JCC’s decision to award fees based on future benefits should be affirmed.
Claimant filed a petition for benefits on March 25, 2008. The E/C chose not to respond for more than 14 days. The failure to respond to the petition operated “as a denial of every allegation in the petition for benefits.” Russell Corp. v. Brooks, 698 So.2d 1334, 1335 (Fla. 1st DCA 1997). This denial included the entitlement to future benefits. Benefits were not actually reinstated until May 7, 2008. The record further reflects the E/C failed to respond to telephone calls made in February and March 2008 inquiring about Claimant’s benefits.
In Interior Custom Concepts, unlike the instant case, the record, including the pleadings, specifically reflected the carrier only intended benefits to be cut off for a discrete amount of time (until a functional medical evaluation occurred). Wfliile the carrier in Interior Custom Concepts may have ultimately taken the position that further benefits were not due based on the functional medical evaluation, it never took the position on the record that these future benefits were not due. In fact, benefits were immediately reinstated after its motion to compel was denied. The objective actions of the carrier in the instant case, especially the failure to respond to the petition for benefits or reinstate benefits within 14 days, distinguish this case from Interior Custom Concepts. I would affirm.