PER CURIAM.
In this workers’ compensation case, Claimant’s former counsel, Tonya Oliver, appeals, and Claimant cross-appeals, an order of the Judge of Compensation Claims (JCC) awarding Oliver a claimant-paid attorney’s fee. We affirm the order in part, reverse in part, and remand with instructions.
We address the issue raised in the cross-appeal first. Claimant challenges the JCC’s finding that Oliver “secured” the benefits on which she seeks attorney’s fees, as required by section 440.34, Florida Statutes (2007). Because competent substantial evidence supports the JCC’s finding that Oliver secured permanent total disability (PTD) benefits for Claimant, we affirm this point without further discussion. See generally Ullman v. City of Tampa Parks Dep’t, 625 So.2d 868, 873 (Fla. 1st DCA 1993).
*1188 We next turn to the issue on appeal. Oliver challenges the JCC’s finding that Oliver was not entitled to any attorney’s fee “subsequent to March 29, 2011[,] when she was no longer counsel of record for the claimant.” Oliver began representing Claimant in 2008, secured PTD benefits for Claimant on July 20, 2010, and was discharged by Claimant on March 15, 2011. Claimant filed a motion for substitution of counsel on March 29, 2011. The JCC, in denying fees “subsequent to March 29, 2011,” found that “there must exist some continuing responsibility through the attorney/client relationship in order for continuing fees to be paid,” and that to rule otherwise “would result in a windfall to the former attorney.”
We hold this reasoning to be error as a matter of law, under the mandate of section 440.34(3) that a claimant is “responsible” for her own attorney’s fees except in narrow and enumerated situations that shift the fee liability to the employer or its carrier (E/C), and under case law holding that even E/C-paid fees for a claimant’s attorney are to be based on the value of the benefits that the claimant’s attorney secured. See Interstate Brands Corp. v. Blanco, 50 So.3d 665 (Fla. 1st DCA 2010) (remanding for entry of order awarding E/C-paid fee only for missed PTD payments, where E/C suspended PTD benefits inadvertently); Interior Custom Concepts v. Slovak, 969 So.2d 1095 (Fla. 1st DCA 2007) (remanding for entry of order awarding E/C-paid fee for only the missed PTD payments, where E/C suspended PTD benefits temporarily); Barr v. Pantry Pride, 518 So.2d 1309, 1317-18 (Fla. 1st DCA 1987) (reversing denial of E/C-paid fee on portion of temporary total disability benefits paid without incident after entry of prior order awarding past and future temporary total disability benefits); Prestressed Sys. v. Goff, 486 So.2d 1378 (Fla. 1st DCA 1986) (affirming award of E/C-paid fee on entire amount of “permanent benefits” and attendant care, including future payments, because they were “reasonably predictable”).
The benefit secured here was Claimant’s entitlement to the full complement of PTD benefits. Although Claimant’s PTD benefits are to be paid in installments, because the total value of Claimant’s PTD benefits is reasonably predictable, the fee thereon is calculable now. Because Oliver, while still employed by Claimant, secured for Claimant the entirety of past and future PTD benefits due Claimant, Oliver is entitled to a fee based on the value of the total benefit secured. Accordingly, we affirm the order to the extent it finds Oliver secured PTD benefits, reverse the order to the extent it finds her not entitled to a fee after March 29, 2011, and remand for entry of an order awarding Claimant-paid attorney’s fees to Oliver for securing the total amount of PTD benefits.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
LEWIS and ROWE, JJ., concur.
BENTON, C.J., concurs in the judgment.